UNITED STATES FIDELITY & GUARANTY CO. v. GOLDBERGER et al.

(Circuit Court of Appeals, Third Circuit. July 1, 1926.)

No. 3456.

1. Insurance ⟨⟩92.

Evidence *held* to show insurer's subagent had authority to verbally bind it as of date of application for insurance.

2. Insurance ⟨⟩128(1).

Insurer, taking a risk to commence as of date of application for insurance, is, in absence of fraud or concealment, bound, though loss occurs before execution and delivery of policy.

3. Insurance ⟨⟩128(1)—Insurer's liability for loss before execution of policy is unaffected by insured not knowing with what company he was dealing when agreeing with agent for insurance.

It is not material to liability of insurer for loss before policy was executed and delivered that insured, when he agreed with insurance agent for insurance, did not know with what company he was dealing.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by the United States Fidelity & Guaranty Company against Nathan Goldberger and others. Judgment for defendants, and plaintiff brings error. Affirmed.

James D. Carpenter, Jr., and McDermott, Enright & Carpenter, all of Jersey City, N. J., for plaintiff in error.

John E. Toolan, of Perth Amboy, N. J., for defendants in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge. This case concerns an automobile accident policy issued by the United States Fidelity & Guaranty Company, to Samuel Eisner. It is dated December 24, 1924, and runs for one year therefrom. Eisner's car was insured, and inflicted injury on others on December 26th following, and thereafter he made claim, and on December 30th the company paid $4,000 in settlement of the damages sustained under the policy. Shortly thereafter the company, claiming the said policy had been procured by fraud and was never in force, brought action in the court below against Nathan Goldberger, its agent, Samuel Eisner, the insured, and Harry Eisner, his son, alleging they had conspired to wrong it by fraudulently procuring the issue of said pol-

icy, and claimed to recover from them the amount it had wrongfully paid to Samuel Eisner, in settlement.

Without reciting the proofs in detail, it suffices to say that the contention of the company was that, when the accident occurred on December 26th, no insurance, or agreement to insure, had been made, but that after the accident, by conspiring between the defendants, an application for insurance as of the date of December 24th was prepared on December 26th, and forwarded to the insurance company, and in ignorance of the facts the company, on December 29th, issued its policy as of the date of December 24th, and forwarded it to its agent, Goldberger, who wrongfully and fraudulently delivered it to Samuel Eisner; that thereafter, in pursuance of the conspiracy, claims of loss were made out and forwarded by the agent, Goldberger, and the company was led to pay the money without being informed of the facts.

On the part of the defendants it was contended the whole transaction was in good faith; that the insurance was applied for by Eisner to Goldberger on December 24th; that Goldberger made a memorandum thereof, and directed his clerk to report the risk to the plaintiff company, but which she overlooked and failed to do; and that what followed was based on the agreement for insurance so made. On the trial of the case the court charged: "In this case the big question is: When was the insurance ordered? If it was ordered on the 24th day of December, that is the end of your deliberation. If it was not ordered on that date, then you must go on and consider the other questions in the case, because, as I view the policy and the contract, which Goldberger has with the United States Fidelity & Guaranty Company, he had the power to bind that company for insurance from the time that the insurance was ordered. The big problem in this case is: Was that insurance policy ordered on the 24th of December, or was it ordered on the 26th of December, after the occurrence of the accident?" The jury found for the defendants.

[1, 2] Assuming, then, as we must by the finding of the jury, that the insurance was applied for and agreed upon by Eisner and Goldberger, the agent, on December 24th, and the risk was then accepted by Goldberger for the plaintiff, we note that Goldberger, the subagent of the local agency of the plaintiff company, had authority to verbally bind the company as of the date of December 24th. On that phase the proof was that, in its course of business with Goldberger, the company had at times dated the policies when issued as of the date on which the application had been made, and the fact that in this case the company actually did, on December 29th, when it issued its policy, predate its policy to December 24th, evidenced compliance with its theretofore practice. Moreover, the provision in the certificate of agency issued to Goldberger "that the agent shall keep suitable records of the business done for the company, and shall report daily the risks assumed," contemplated that risks were to be assumed prior to the issue of a policy, and the fact was that policies delivered by Goldberger required his countersignature to give them validity. See Hallock v. Commercial Co., 26 N. J. Law, 268, where it is said: "If an insurance company take a risk to commence previous to the date of the policy, and the property is destroyed before the policy is actually executed and delivered, where there is no fraud or concealment by the party insured, the company will be as much bound as if the loss occurred after the policy was delivered." See, also, Koivisto v. Bankers' Co., 148 Minn. 255, 181 N. W. 580, and Nertney v. National Fire Ins. Co., 199 Iowa, 1358, 203 N. W. 826.

[3] That Eisner did not know, when he agreed with Goldberger for the insurance, on December 24th, that he was dealing with the plaintiff company, is not material. He knew he was dealing with an insurance agent; that person was an agent of this particular company, and, as the agent had authority to accept, and, as found by the jury, did then accept, Eisner's offer on behalf of his principal, the contract of insurance was complete, even though Eisner did not know the particular company for which Goldberger was accepting his offer and assuming Eisner's risk. See Union Mut. Insurance Co. v. Wilkinson, 13 Wall. 234, 20 L. Ed. 617, wherein it is said: "The agents are stimulated by letters and instructions to activity in procuring contracts, and the party who is in this manner induced to take out a policy rarely sees or knows anything about the company or its officers by whom it is issued, but looks to and relies upon the agent who has persuaded him to effect insurance, as the full and complete representative of the company in all that is said or done in making the contract."

It goes without saying that what is here said is based on the established fact of good faith, and that no fraud was involved. That question was fought out and decided by the

jury, and in view of the finality of their action, as between the parties on that question, the judgment below is affirmed.