## SIMON v. EUREKA SEC. FIRE & MARINE INS. CO. OF CINCINNATI, OHIO.

### No. 5272.

Circuit Court of Appeals, Third Circuit.

July 24, 1934.

Minturn & Weinberger and Harry H. Weinberger, all of Newark, N. J., for appellant.

Arthur T. Vanderbilt, of Newark, N. J., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

**THOMPSON, Circuit Judge.**

This is an appeal from a judgment of the District Court for the District of New Jersey upon a directed verdict for the appellee, hereinafter referred to as the Eureka Company. The appellant brought suit against the Eureka Company and against three other fire insurance companies to recover for loss by fire to property insured by the four defendant companies in their respective policies. As to the Eureka Company, the court below directed a verdict for the appellee. As to the other three defendant companies, the jury disagreed.

The sole question on appeal is whether the evidence against the Eureka Company should have been submitted to the jury. The policy in question insured stock, materials, supplies, machinery, equipment, apparatus, and other property contained in a building situate at 233 Broad street, Elizabeth, N. J., and used as a newspaper printing plant. The policy, with the indorsements thereon, was delivered to the appellant by Tieger & Co., general agents of the Eureka Company. On August 12, 1931, through Tieger & Co., the Eureka Company gave notice in writing of cancellation to be effective August 17, 1931. The statement of accounts which Tieger & Co. sent the appellant showed payment of the premium on July 20, 1931, but did not show the return of unearned premium. On September 16, 1931, Tieger & Co. wrote a letter to the appellant which contained the following statement: "Enclosed you will find two insurance policies aggregating $20,000 which in addition to the $15,000 in the Eureka-Security and First National Fire Ins. Companies brings 'your total insurance to $35,000 which was the amount you carried with us prior to the recent changes." The fire occurred on October 17, 1931.

The appellant contends that the cancellation was revoked and the policy reinstated by Tieger & Co. as shown by their letter and statement. We think that whether the acts and declarations of Tieger & Co. revoked the effect of the cancellation notice and whether Tieger & Co. had authority to revoke were clearly jury questions. This court, in United States Fidelity & Guaranty Co. v. Goldberger, 13 F.(2d) 779, has held that the scope of authority of the agent of an insurance company is a question for the jury.

The Eureka Company contends that the policy was doubly breached: First, because the building was not occupied as a newspaper printing plant; and, second, because, for more than sixty consecutive days in 1931, the building had not been operated as a newspaper printing plant. It admits that there was always a watchman on the premises and that printers employed by the appellant in newspaper work in another city worked in the building from time to time setting type. The Eureka Company contends, however, that the building could not have been occupied as a newspaper printing plant in view of the fact that the gas and electric service had been disconnected. We think these contentions were properly matter for argument to the jury for its consideration in determining the question whether the building was, in fact, occupied and operated as a newspaper printing plant. The issues thus raised therefore were not questions of law for the court but of fact for the jury. We conclude that the court below erred in directing a verdict.

The judgment is reversed, and a new trial ordered.