JAMES CREAMER, Plaintiff Appellant, v. BARTON BATES, Defendant Appellant.

1 *Revenue — Tax-bill — Non-compliance with contract — Reduction — Mode of assessment.*—In suit on a special tax-bill, where it appeared that the work was done in a manner inferior to that called for by the contract, the jury should find for the plaintiff such, and only such, proportional amount of the sum assessed and sued on in the special bill as the work actually done in the particular instance bore to the work in such a case if done according to the contract. The damage in such case should not be distributed *pro rata* through all those assessed. The particular person injured has a right to have the special injury to himself deducted from the charge made against him.

### *Appeal from St. Louis Circuit Court.*

This is a suit on a special tax-bill issued by the city engineer of the city of St. Louis, to defray in part the cost of constructing a street, under the city charter of the city of St. Louis.

*Grace*, for plaintiff appellant.

When the court undertakes to curtail the contractor's work in price or measure, the gross amount of the reduction inures to the benefit of all the parties to the original assessment; and the gross sum of such reduction should either be deducted from the engineer's original computation of the total cost, and the true cost of the work ascertained and distributed, or else the gross amount of the reduction must itself be parceled out to the adjoining property-owners in the same ratio as the original assessment. There would be some propriety in allowing the defendant the entire damages if he had pleaded or shown by proof that he alone was the injured

party, or that the breach of contract reached only to his assessment, or that he was obliged to repair the defective work at his own cost. But this is not shown.

*Fritchey & Sherzer*, for defendant appellant.

The work having been done in a manner greatly inferior to that class of work called for by the contract upon which the special tax-bill rests, plaintiff can recover nothing in this action — the contract being violated and the action being substantially based thereon. (Marsh v. Richards, 29 Mo. 104 ; Pullman v. Cooning, 9 N. Y. 93 ; Bragg v. Town of Bradford, 35 Verm. 38 ; Bryant v. Stillwell, 24 Penn. 318–19 ; Smith v. Brady, 17 N. Y. 179, 186–7.) If plaintiff could at all recover, the court, in giving defendant's instruction, announced a correct rule in estimating damages. (Marsh v. Richards, *supra ;* Lowe v. Sinklear, 27 Mo. 310–11 ; Dermott v. Jones, 2 Wall. 9; Farmer v. Francis, 12 Ired. 281 ; Hayward v. Leonard, 7 Pick. 181, 187; Merrill v. Ithaca & Oswego R.R.Co., 16 Wend. 588–9 ; Bee Printing Co. v. Hinchborn, 4 Allen, 64 ; Thornton v. Place, 1 Moody & R. 219.)

WAGNER, Judge, delivered the opinion of the court.

The court, sitting as a jury, tried the cause, and its finding of facts must be considered as conclusive here. The only important issue raised by the pleadings is in regard to the negligent and unskillful manner in which the work was done. I think there can be no doubt about the right of the city, under its charter and ordinances, to make the contract and assess the cost of the improvement against the property. The theory by which the court declared the law in reference to damages is the only matter which we will review.

There was evidence introduced going to show that the work was not executed in accordance with the contract, and there was also evidence tending to show that the work was worth as much as was charged for it in the bills. Upon this evidence the court was asked by the plaintiff to declare the law to be, that if it found that the work as done by the plaintiff was worth as much as, or more than, he contracted to do the same for, then the court should

find for the plaintiff and assess his damages at the value of the work done, not exceeding the contract price. This declaration was very properly refused.

Another instruction, offered by the plaintiff and refused by the court, declared that if the work was not done in conformity to the contract, and the plaintiff should suffer a reduction of the amount sued for, still the defendant was not entitled to be credited with the whole amount of such reduction, but that the same should be credited *pro rata* on the whole cost of the work as done, and that the defendant should be credited only with a proportionate amount of such reduction. This instruction proceeds on the principle that, as the assessment is made against the specific property in the proportion which it bears to the whole work, the damage for negligent performance should be distributed in the same way. But this is surely an erroneous view of the subject. If the property-holder is damaged, his damage cannot be shown by others. And one single person only may be damaged on the whole line of the improvement, and he would undoubtedly have the right to have his injury deducted from the charge made against him. There was, therefore, no error in the action of the court in this regard.

The court, at the instance of the defendant, declared the law to be that if the court, sitting as a jury, believed from the evidence that the work contracted for, upon which the special tax-bill issued, was done in a manner inferior to that called for in the contract, then it should find for the plaintiff only such proportional amount of the sum assessed and sued on in this special tax-bill as the work actually done bore to the work if done according to the terms and specifications of the contract. This instruction was unobjectionable.

When work is to be performed in a particular manner, for a price agreed upon, the contractor cannot, by violating his contract, place himself in a better situation than if he had complied with his undertaking. To permit the contractor to violate his agreement, and then recover the full value of his labor and materials, would be upholding unfair dealing. "In such cases," said Scott, J., in Marsh v. Richards, 29 Mo. 99 (see p. 105), "the measure

of damages would seem to be justly arrived at by the statement that if the work, when done under the contract and in pursuance of its terms, is worth the price agreed upon, what is the work worth done as it is, proportionally to the price fixed by the contract? In this way he who has contracted for the work will retain the advantage he had a right to secure to himself in fixing the price of the work, and of which the contractor cannot deprive him by his own act in violating his undertaking." (See also Lowe v. Sinklear, 27 Mo. 308.)

In this case cross appeals were taken, and we have examined the record carefully, but have failed to find any substantial error committed by the court below.

Judgment affirmed. The other judges concur.