AUGUSTUS GAY v. THE FARMERS' MUTUAL INSURANCE COM-
PANY OF KALAMAZOO COUNTY.

*Mutual insurance— Unwritten contract—Pleadings.*

A declaration in a suit against a mutual fire insurance company set forth
that plaintiff, being a member of the company and having bought
insured property from another member, applied to the secretary for
insurance on it in his own name, tendering the proper amount; that
the secretary had authority and actually contracted, but informed
him that the property would be regarded as insured and asked him

to keep the money until a formal policy could be prepared; and that before he could get him to make out the policy the property was burned. The declaration gave the charter and by-laws of the company in full, and set out an absolute contract in positive terms. *Held*, that under Circuit Court Rule 104, which dispenses with prolix declarations on policies of insurance, the declaration made out a good cause of action, and that unless the charter and by-laws made such contracts as it alleged, illegal, plaintiff should have been allowed to show that they had been recognized by the company as within the secretary's powers.

The charter of a mutual fire insurance company made it the absolute right of farm owners in the county to become members on subscribing the articles and applying for insurance on prescribed terms. *Held*, that the secretary could not cut off this right by refusing an actual tender of the proper amount from one who was already a member and had duly applied for insurance.

Objections to the sufficiency of a declaration should be raised early in the proceedings, so that parties may be saved the expense and delay of preparation for trial.

Error to Kalamazoo.    (Mills, J.)    June 22.—July 2.

Assumpsit.    Plaintiff brings error.    Reversed.

*Edwards & Stewart* for appellant.    A parol agreement as to the terms on which an insurance policy shall be entered, made by the president, secretary or other general agent of the company, binds the company : *Constant v. Insurance Co.* 1 Am. Law Reg. (N. S.) 116 ; *Perkins v. Washington Insurance Company* 4 Cow. 645 ; insurance companies can make binding parol contracts to insure, even though the charter of the company or a general law requires policies or other contracts of insurance to be under seal and signed by particular officers : *Commercial Mutual Marine Ins. Co. v. Union Mutual Ins. Co.* 19 How. 318 ; *New England Mutual Ins. Co. v. De Wolf* 8 Pick. 63 ; *Trustees &c. v. Brooklyn Fire Ins. Co.* 19 N. Y. 305 ; *Audubon v. Excelsior Ins. Co.* 27 N. Y. 216 ; *M'Culloch v. Eagle Ins. Co.* 1 Pick. 280 ; *Hamilton v. Lycoming Ins. Co.* 5 Penn St. 342 ; *Delaware Ins. Co. v. Hogan* 2 Wash. C. C. 4 ; *Tayloe v. Merchants' Fire Ins. Co.* 9 How. 405 ; *Westchester Fire Ins. Co. v. Earle* 33 Mich. 143.

*E. M. Irish* for appellee. Generally officers of a mutual insurance company cannot waive any of the conditions by which all the members of the company are mutually bound: *Van Buren v. St. Jo. Co. Village Fire Ins. Co.* 28 Mich. 398; *Barrett v. Union Mutual* 7 Cush. 175; *Forbes v. Agawam Mutual* 6 Cush. 471; *Hale v. Mechanics' Mutual* 6 Gray 173; *Stark Co. Mutual Ins. Co. v. Hurd.* 19 Ohio 149; *Westchester Fire Ins. Co. v. Earle* 33 Mich. 150.

CAMPBELL, J. In this case plaintiff sued for a loss by fire, and the defense set up and allowed on the trial was that the policy was not actually issued in writing, and the premium was not actually paid.

The declaration averred in substance that plaintiff, being already a member of the company, did, on the purchase from another member of insured property, apply to the secretary for insurance of that property in his own name, tendering the proper sum for insurance charges and other dues. That the secretary informed him the property would be regarded as insured, and requested him to retain the money until he could find it convenient to prepare a formal policy, and that plaintiff did not succeed in getting him to make out a policy before the property was burned. The declaration averred fully the secretary's authority, and that he actually contracted. On the trial he offered to show that such contracts had been recognized by the company, as within the secretary's powers, but was not permitted to do so, and the case was disposed of on the insufficiency of the declaration, which set out in full the charter and by-laws.

Unless there is something in the charter and by-laws absolutely preventing such a contract as is set out from being legal, there can be no doubt of the incorrectness of the action below. An absolute contract was set out in the most positive terms. From the record in this and in other cases which have been brought before us, we infer that the court and counsel for defendant overlooked Rule 104* of the

---

* RULE 104. In order to avoid needless prolixity, inasmuch as policies of insurance are generally issued upon printed forms, of the contents of

Circuit Court rules, which was designed to save plaintiffs from the trouble of the prolix recitals which formerly cumbered up the pleadings in insurance cases and made them difficult to construe, and also made it quite easy to create faults by trifling omissions. The declaration, if faulty at all in regard to the fullness of its recitals, is faulty for redundancy. But perhaps the particular questions of the necessity of a written policy and of actual payment are sufficiently raised.

We find nothing in the charter and by-laws rendering a written policy necessary. Section 12 of the charter makes it the absolute right of farm-owners in Kalamazoo county to become members of the company. The conditions imposed are, subscribing the articles, and applying for insurance, on the terms and conditions of the charter and by-laws.

As the declaration sets out that plaintiff was already a member, nothing further was required than making such application. And if made in the manner required, these articles give the secretary no option on the subject. He could not, by his caprice, cut off such right.

The only defect pointed out which we can find any notice of in the papers is that, by section 20 of the charter, it is declared that "no insurance policy shall be binding until the actual payment of premium."

Whatever force this might have where the officer dealt with has power to reject applications, it cannot apply where the right to insurance is absolute, and an actual tender is made of the full sum necessary. When the money is within the reach of the secretary he cannot cut off the applicant's rights by refusing to accept it.

---

which the companies issuing them are fully advised, it shall not be necessary hereafter in declaring upon such policies to set forth specifically any more than the date and amount of the policy, the premium paid or to be paid, the property or risk insured, and the loss ; and upon the trial, proofs may be made in the same way as if the declaration had set forth the policy in full. And in case the company or person issuing such policy shall rely, in whole or in part, upon the failure of the plaintiff to perform or make good any promise, representation or warranty, not contained in such policy, but set forth in any other paper or instrument in the hands of said insurer, the notice under the general issue shall declare the same and indicate the breach relied on.

We think the declaration made out a good cause of action, and that plaintiff showed himself, by its allegations, possessed of a good cause of action, and should have been allowed, if disputed, to prove it.

We think it proper to suggest that where defendants suppose the declaration to be insufficient, they ought to take early occasion to raise the question without putting parties to the expense and delay of preparation for trial. Objections which are needlessly postponed should receive no favor.

The judgment below must be reversed with costs and a new trial granted.

GRAVES, C. J. and COOLEY, J. concurred. SHERWOOD, J., having been of counsel, did not sit in this case.