H. G. MEYER ET AL., Appellants, v. LUCIUS C. WRIGHT, Respondent.

Kansas City Court of Appeals, November 9, 1885.

ACTION—SUIT ON SPECIAL TAX BILLS—WHAT NECESSARY TO MAINTAIN. In order to maintain an action on special tax bills for grading streets, by the contractor or his assignee, it must appear that the contract has been, at least, substantially, complied with.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

This suit was brought by appellants as assignees of one Patrick Keating, by publication against respondent, a non-resident, to charge the property of respondent with the payment of two special tax bills issued to said Keating by the city engineer of the City of Kansas, as the contractor for grading a portion of Tracy avenue. One of the tax bills was for $36.61, and the other for $69.76, the former being issued for grading the street proper, and the latter for grading the sidewalks. The total cost of the work for the street proper was $853.41, and for the sidewalks $303.32, making in all $1,156.

The defence set up was, first, a general denial, and, second, that the work for which the tax bills were issued, and which was required to be done by the contract and ordinance authorizing it, was never completed.

The reply was a general denial of the new matter set up in the answer.

The ordinance and contract, which were read in evidence by the respondent, required the street to be graded down to the established grade, and to its full width of sixty feet, including sidewalks.

The following instruction, among others, was given for the plaintiff :

"2. If the court finds from the evidence that the work done by Keating in grading Tracy avenue, under contract with the city, was substantially complied with, the work accepted by the city engineer, and the tax bills in payment therefor duly issued—two of which are the tax bills in suit—then the plaintiffs are entitled to recover, and the cost of any work necessary to fully complete said contracts is to be deducted from the cost of the whole work, and a proportionate reduction made from the tax bills in suit."

The following was offered by plaintiff and refused:

"3. If it appear from the evidence that the work of grading Tracy avenue from Independence avenue to Fifth street, under contract with the city, was not, for about ninety feet through the rock work, completed to the full width of the street, or not, for about the same distance, brought to the established grade, but the same was accepted by the city engineer as complete, and the tax bills issued in payment therefor, two of which are the tax bills in suit, then plaintiffs are entitled to recover, but the amount that it would cost to complete the street to the full width throughout, and to bring the same fully down to grade, should be deducted from the total cost of the work, and a proportional part of said deduction should be made from the tax bills in suit."

The court found for defendant and plaintiffs appeal.

LATHROP & SMITH, for the appellants.

I.   The court should have given the *third* instruction asked by plaintiff.

II.   The finding should have been for plaintiffs

under the instructions given for them, with a proper reduction of the amount of the tax bills. The grading had been substantially completed, and the inconsiderable amount needed to do the work lacking, it was proper to apportion along the whole line of the work, and not deduct the entire amount from defendant's bills, or hold the tax bills altogether invalid. This applies both to the grading of the street and the sidewalk.

III. Section four, of Article VIII, of the charter of the City of Kansas (Acts 1875, p. 252) provides for reductions being made in the amounts of special tax bills, and the principle here invoked finds support in the following cases : *Neenan v. Smith*, 60 Mo. 292 ; *First Nat'l Bk. v. Amaldia*, 63 Mo. 229 ; *Same v. Nelson*, 64 Mo. 418 ; *Farrar v. St. Louis*, 80 Mo. 379.

GAGE, LADD & SMALL, for the respondent.

I. The third instruction was properly refused. It assumed that plaintiffs could recover, although the work had not been completed, and that although the work yet remaining to be done was in front of defendant's property, he was not to be allowed what he was specially damaged, but only a part of such damage. If tax bills are issued before the street is graded to the *full length* required by the contract, the tax bills are premature and void. *City of St. Louis v. Clemens*, 49 Mo. 552; *Kiley v. Cranor*, 51 Mo. 542. And the same rule holds good when the required *depth* and *width* are wanting.

II. The section (4, Art. VIII) of the charter of Kansas City, cited by appellants, applies only to cases where the work has been completed, but completed in a negligent and unworkmanlike manner, and even then contemplates a different theory for reducing the tax bills from that announced in the instruction refused. That section entitles the property owner, in such cases, to a reduction of the tax bills against himself, according to the special injury sustained by him, and not merely to a *pro rata* reduction from all the tax bills. *Creamer v. Bates*, 49 Mo. 523.

III. The giving of plaintiffs' instruction number two did not authorize a finding for plaintiffs. It required a finding that the contract had been substantially complied with before any verdict could be had in favor of plaintiffs, and no such finding could be made on the evidence.

IV. As to the cases cited by appellants, it is sufficient to observe that in none of them was there any failure to complete the work required by the contract, but there was more work done (in those cases) and included in the tax bills than was called for by the contract. Hence the illegal excess was properly deducted.

ELLISON, J.—The evidence was clear that the work was not done in substantial compliance with the contract, in front of defendant's property. The evidence of each party showed this to be true.

The evidence further showed, or tended to show, that the cost of completing the work in front of defendant's property, so as to make it conform with the terms of the contract would exceed the amounts sued for. It, also, appeared that the city engineer received the work and issued the tax bills in regular form.

The refused instruction declared in substance that the amount required to complete the work as it should be under the contract, should be deducted from the total cost of the work on the street, and a proportional part only of said deduction should be made from the tax bills sued on.

Defendant claims that he, as the property owner, is entitled to a reduction of the tax bills against him, according to the special injury sustained by him, and not merely a *pro rata* reduction from all the tax bills.

We think the defendant's claim is the just and rational one.

In the case of *Creamer v. Bates* (49 Mo. 523), the court, in a case presenting a similar question, thought the view taken here by appellant an erroneous one. The court says: "If the property holder is damaged, his

damage cannot be shown by others. And one single person only may be damaged on the whole line of the improvement, and he would, undoubtedly, have the right to have his injury deducted from the charge made against him."

Besides we are unable to recognize any right in the contractor or his assignee, to maintain an action on these tax bills until he has complied, at least, substantially, with his contract. *City to use of McGrath v. Clemmens*, 49 Mo. 552; *Riley v. Cranor*, 51 Mo. 541.

He may do just enough work, or do it in such a manner as to be a damage not only to an adjoining owner, but to the entire street.

The contractor for grading or paving has no special privilege conferred upon him by the charter of Kansas City, not common to contractors in any other work, except the tax bill issued in his favor makes for him a *prima facie* case, *i. e.*, he may recover, unless it be shown affirmatively by the defendant that he has no right to under the fundamental law of contract. The defendant has a right to show he is not "worthy of his hire."

The judgment is affirmed. All concur.