A. H. SHEPARD, Appellant v. BOONE COUNTY HOME MUTUAL FIRE INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, May 31, 1909.

INSURANCE: Contract: Evidence. A contract of insurance may be oral. The evidence relating to taking out insurance is reviewed and analyzed, and found to support the defendant's contention that there never was any contract made for insurance.

Appeal from Boone County Circuit Court.—*Hon. Nick M. Bradley,* Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

(1) "Parol contracts may be binding upon aggregate corporations if by agent authorized to contract, and contracts may be implied on the part of said corporations from their corporate acts, or those of an agent whose powers are of a general character." King v. Insurance Co., 195 Mo. 305; Baile v. Insurance Co., 73 Mo. 371; Lingenfelter v. Insurance Co., 19 Mo. App. 263; Gerrish v. Insurance Co., 55 N. H. 355; Thompson v. Insurance Co. (Wash.), 88 Pac. 941; Zell v. Insurance Co. (Wis.), 44 N. W. Rep. 828; Insurance Co. v. Wilcox, 57 Ill. 180; Post v. Insurance Co., 43 Barb. 351; Angell on Insurance, sec. 33; 1 Cooley's Briefs on Insurance pp. 364, 365, 366, 367; Insurance Co. v. Corbett (Kan.), 77 Pac. 108; Cohn v. Insurance Co. (Tex.), 3 S. W. 297; Insurance Co. v. Norton, 96 U. S. 234; Insurance Co. v. Warner, 80 Ill. 410; Helm v. Insurance Co., 61 Pa. St. 107; Insurance Co. v. Earl, 33 Mich. 143; Squires v. Insurance Co., 57 N. E. Rep. (N. Y.), 93; Duff v. Insurance Co., 129 Mo. 460; Keim v. Insurance Co., 42 Mo. 38. (2) Corporations, unless prohibited by the statute, have power to make parole contracts, through an agent. Instead of prohibiting corporations from making parole contracts, our statute especially authorizes the making of such contracts. R. S. 1899, sec. 974; Elliott on Insurance, sec. 163; Nickell v. Insurance Co., 144 Mo. 431; Ross v. Insurance Co., 97 Mo. App. l. c. 85.

*Boyle G. Clark* and *E. W. Hinton* for respondent.

(1) There was no contract in fact concluded between plaintiff and the agent Smith, because the negotiations were incomplete, and no definite proposition was made or accepted for present or future insurance. Wallingford v. Home Mutual, 30 Mo. 46; Curry v. Grefel, 115 Mo. App. 364; Perkins v. School Dist., 99 Mo. App. 488.

ELLISON, J.—This action is based on an oral con-
tract of fire insurance. The trial court directed a ver-
dict for the defendant.

It appears that defendant is a mutual company and
that plaintiff was a member thereof and had been a
holder of policies insuring different pieces of his prop-
erty for several years. Some of these expired in Octo-
ber, 1906, but the one in controversy, covering his barn
in the sum of $1000, did not expire until December 8,
1906. In September or October, shortly before the first
ones expired, Smith, defendant's agent called at plain-
tiff's house but found that plaintiff was too sick to be
seen, though he sent the agent word that he wanted a
renewal of a policy covering some of his other property
in the sum of $800. In the latter part of November the
agent returned with this renewal policy which had been
signed by the president and secretary of the company.
The agent delivered the policy and at the same time took
plaintiff's written application therefor, collected $10 in
cash and took his note for the balance of the premium.
The agent told plaintiff that he had been protected dur-
ing the time between the expiration of this $800 policy
and the delivery of the renewal. At this time (latter
part of November) plaintiff told the agent that he
wanted a renewal of the $1,000 policy on the barn ex-
piring December 8th and the agent thereupon wrote the
word "renew" or "renewed" in a memorandum book in
which he had the number of the policy. It was however
agreed at the time that plaintiff would call at the agents'
office and attend to the renewal at the proper time. He
never called and nearly a year thereafter the barn burned
and defendant refused to recognize any contract of in-
surance. This action followed.

We do not see any reason upon which the action
can be sustained. We do not place our decision on the
ground that no policy was issued for there may be valid
oral contracts of insurance (Lingenfelter v. Insurance

Co., 19 Mo. App. 263), but in this case an oral contract was not only not shown, but the evidence shows affirmatively that none was made. Plaintiff testified that "I told him that I expected to be out soon and that I would call in the office and attend to it." "That I was getting better and expected to sign it as soon as I got able to come down town." Further, he said that "it was understood that I should do it, that I would attend to it, by him calling at my office, or me calling there, and I forgot it and he did." Nothing was ever said or done afterwards; no application was made and no premium paid or promised; and, as already stated, nearly a year after the expiration of the policy the barn burned.

It was shown that the board of directors of the defendant company did not act on applications for insurance except at regular meetings to approve the policies which the president and secretary had issued since their last meeting. It was further shown that policy holders would order renewals of policies from Smith and then in a short time call at his office, sign an application and take out a policy as of the date of the expiration of the former. But this does not aid the plaintiff. The only definite thing appearing in this case is an understanding that plaintiff would call "shortly" at the agent's office, make his application, arrange as to the premium and take out a policy. This he never did because he "forgot it." The effect of plaintiff's position is that, for the reason that he forgot to make the contract he contemplated making, therefore some other totally different contract resulted.

Plaintiff's supplemental brief does not help the case. Among other things it assumes an oral contract of insurance was made. This was denied by the first paragraph of the answer and the denial is sustained by the evidence of plaintiff himself.

The judgment is affirmed. All concur.