# Bracken County Insurance Company v. Murray,

(Decided November 19, 1915.)

## Appeal from Bracken Circuit Court.

1. Insurance—Assessment or Co-operative Fire Insurance.—One cannot by his own voluntary act in signing an application for insurance make himself a member of an assessment or co-operative insurance company; there must be an acceptance of his application by the company before he becomes a member.

2. Insurance—Assessment or Co-operative Fire Insurance—Organization.—The provision in Section 702, Kentucky Statutes, providing for the organization of such companies, that every person insured in such corporation who shall sign an application for insurance as required by the certificate of incorporation or the by-laws of the corporation shall become a member, means that either the articles of incorporation or the by-laws of the company shall prescribe how the applicant may become a member.

3. Insurance—Assessment or Co-operative Fire Insurance.—Where the by-laws of such a corporation provide that the signing of an application and the granting of a policy shall make the applicant a member, it is a condition precedent to his becoming a member, not only that the application shall be signed but that the policy shall be granted.

ALLAN D. COLE and W. A. BYRON for appellant.

M. HARGETT and G. F. BOUGHNER for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellant is an assessment or co-operative fire insurance company, organized under sub-division 5, chapter 32, Kentucky Statutes, and is authorized to do business in Bracken county.

Appellee is a resident of and property owner in that county, and on the 10th day of February, 1914, signed in the presence of an agent of appellant an application for insurance on a building he owned. The application was promptly forwarded by the agent to the office of the company, and it thereafter wrote and inquired of him if the building sought to be insured was not the same building in which was located a stock of goods belonging to a certain mercantile company which appellant had already insured for $2,500. The agent immediately answered, stating that it was, whereupon, on the 14th day of February, the application was marked "rejected" and the agent notified.

But, notwithstanding this notice to the agent, he failed to notify appellee of the rejection until after the 24th day of February, upon which day the building was destroyed by fire.

This is an action on an oral contract of insurance entered into between appellee and the agent, the allegation being that the agent contracted with appellee that his property was insured by the company from the date of the application if it should be accepted, and if not, until he was given notice of the rejection.

Upon a trial in the circuit court appellee recovered a verdict and judgment for $1,200, the amount specified in the application, and the company has appealed.

Co-operative or assessment insurance companies, from their very nature, are organized for the purpose of insuring only the property of their members, and it is apparent from the reading of our statute on the subject that it so contemplates; and this purpose of appellant company is emphasized and clearly expressed in its by-laws.

The only question we deem it necessary to consider is, whether the appellee, by his own voluntary act in signing the application for insurance became a member of appellant company, without any action whatever upon its part; for unless he was a member no valid contract of insurance, oral or written, could have been made between him and the agent.

After diligent search we have been unable to find any direct authority upon this question, but it seems that a statement of the proposition furnishes its own answer. Clearly it was the purpose of the statute to authorize the organization of such companies only for the purpose of insuring the property of its members, and giving such members, through the medium of the corporation, the authority to enter into mutual contracts of insurance with other members; that is to say, that each member who is admitted is at one and the same time both insurer and insured.

To say that one may become, by his own act, a member of such a company, whether it be agreeable to the organization or contrary to its wishes, would be to compel the other members of the company to accept insurance risks which they might not be willing to accept, and would place such assessment companies, who would thus

be compelled to accept unsatisfactory and undesirable risks, at a great disadvantage in their quest for business.

The last sentence in section 702 of the Kentucky Statutes providing for the organization of such companies says:

"Every person insured in such a corporation who shall sign an application for insurance as required by the certificate of incorporation or the by-laws of the corporation shall thereby become a member thereof."

And it is argued for appellee from this that the mere signing of an application for insurance made the appellee a member of the company so as that a verbal contract between him and the agent became enforceable as against the company. But such is not the meaning of those words. While the sentence is awkwardly constructed and inaptly expressed, its true and correct meaning is that either the articles of incorporation or the by-laws of the company shall prescribe how the applicant for insurance may become a member. The construction contended for by appellee would authorize any person, however undesirable, to make himself a member, although the constituted authorities of the corporation might not be willing to accept him as such. It is not difficult to see what would be the end of an insurance corporation which had no power to protect itself against issuing policies to undesirable persons.

The statute quoted provides that the insuring of the applicants in the manner required by the certificate of incorporation or by the by-laws of the corporation shall entitle one to become a member; and if we had any doubt of the foregoing interpretation of the statute, a by-law of appellant corporation taken in connection with the statute is conclusive of the question. That by-law provides:

"Any person living in Bracken county and owning property in same who shall sign an application *and be granted a policy in this company* shall become a member thereof."

From this by-law and the statute authorizing it, it cannot be doubted that the condition precedent to becoming a member is not only that the application shall be signed, *but that the policy shall be granted.*

These assessment companies, by the act of granting a policy of insurance to one, thereby make him a member of the corporation, and we are unwilling to hold that

these small assessment companies may be placed at the mercy of the larger corporations because of their inability to protect themselves from undesirable membership.

It is well settled that a valid and enforceable oral contract of insurance may be made either between the company and the assured or between its authorized agent and the assured; but the question here is not whether there may be a valid oral contract of insurance between this assessment company and one of its members, but is whether appellee ever became a member so as that he might have made such an enforceable contract.

The case of Fidelity & Casualty Co. v. Ballard & Ballard Co., 105 Kentucky, 235, is in nowise in conflict with the views we have expressed; in the first place, the opinion does not disclose whether or not the company in that case was an assessment or co-operative company, and in the next place, if it had, it is shown in the opinion that the assured at the time had another policy with the company and was, therefore, a member of it.

The case of Kentucky Growers' Insurance Co. v. Logan, 149 Ky., 453, was where one who was already a member of an assessment company entered into an agreement with the agent of the company under which he took additional insurance on the property. The property was destroyed and the assessment company defended upon the ground that Logan being a member of its company should be charged with notice of its by-laws and of the fact that the agent had no authority to agree to the additional insurance, and the court held that the action of the agent was binding upon the company.

While, as stated, we have found no direct authority upon the exact proposition here presented, the general rule seems to be that one does not become a member of a mutual fire insurance company until he receives his policy. Russell v. Detroit Fire Insurance Company, 80 Mich., 407; Eilenberger v. Protective Fire Insurance Company, 89 Penn. State, 464; Columbia Insurance Co. v. Cooper, 50 Penn. State, 340; Cumberland Valley Mutual Protection Company v. Schell, 29 Penn. State, 37; Farmers' Mutual Insurance Co. v. Mylin, 15 Atlantic Rep., 710. There is no claim that the agent in this case had authority from the corporation to admit members, and it is, therefore, unnecessary to determine whether such power might be granted.

Under the evidence appellee never became a member of appellant company, and consequently there could have been no valid contract of insurance entered into between him and the company or its agent. The court should have directed a verdict for appellant as asked by it.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.