(No. 5868. December 3, 1932.)

JOHN L. TELFORD and LAVINNA P. TELFORD, His Wife, Respondents, v. BINGHAM COUNTY FARMERS' MUTUAL INSURANCE COMPANY, a Corporation, and W. L. SHATTUCK, Appellants.

[16 Pac. (2d) 983.]

O. A. Johannesen, for Appellants.

Ralph L. Albaugh and Arthur W. Holden, for Respondents.

LEEPER, J.—The Bingham County Farmers' Mutual Insurance Company is a corporation, organized and existing under and by virtue of the provisions of chapter 201, article 8, of the Idaho Compiled Statutes, for the purpose of providing fire insurance to its members on a mutual plan and on an assessment basis. The plaintiffs are the owners of farm property in Bonneville county and are therefore eligible for membership in the company. In October of 1929 they applied for such membership in writing, thereby subscribing to the articles of incorporation and by-laws, and the company issued to them a policy of fire insurance covering two outbuildings upon their premises. At the time this policy was issued the dwelling-house located on the premises was covered by a policy written by an old line company, which did not expire until the following December. Prior to the issuance of the mutual policy upon the outbuildings Mr. Shattuck, the secretary of the mutual company, visited the premises of Mr. Telford, inspected both the outbuildings and the dwelling, and solicited the insurance on the latter.

Testimony adduced by the plaintiffs was to the effect that, when the old line policy on the dwelling expired, Mr. Telford went to the office of Mr. Shattuck and entered into oral negotiations for the issuance of a policy in the mutual company to cover the dwelling. He further testified that Mr. Shattuck, as an officer and agent of the company,

agreed to issue such policy in the amount of $1,200 upon the same terms and conditions as the policy already extant covering the outbuildings, and advised him that a new application was not necessary as he (Shattuck) would insert the new insurance in the written application already executed by Mr. Telford. All this is squarely denied by Mr. Shattuck, but inasmuch as the jury found in favor of the plaintiff we must accept their version of the affair. No written policy was thereafter prepared or executed by the company, and in February the dwelling was destroyed by fire. The company was notified of the loss and denied liability, whereupon this suit was instituted against both the company and Mr. Shattuck for negligence in failing to issue the policy and insure the property. A verdict was rendered in favor of the plaintiffs and against the company in the amount of $1,195, the jury having deducted the five-dollar policy fee due to the company. Mr. Shattuck was exonerated.

The only serious question before us on this appeal is whether or not the fact that this defendant is a mutual county insurance company will relieve defendant from the operation of the rule announced in *Wallace v. Hartford Ins. Co.*, 31 Ida. 481, 174 Pac. 1009, to the effect that an action will lie in tort against an ordinary commercial insurance company for the negligence of its agent in failing to execute and deliver a policy of insurance which he had orally agreed to issue. Otherwise, we consider the law as announced in *Wallace v. Hartford Ins. Co., supra,* to be controlling.

This defendant company was organized under the provisions of chapter 201, article 8, of the Idaho Compiled Statutes (secs. 5080–5087, inclusive), which relate to county mutual insurance companies. In brief these sections provide that twenty-five or more persons who are citizens of Idaho and own insurable property in the state may form a county mutual fire insurance company for the purpose of insuring each other and certain church and public property, subject to certain restrictions as to amount and loca-

tion. Of particular moment as concerns this question here considered are sections 5085 and 5086, as amended by Sess. Laws 1923, chap. 58, which provide as follows:

"§ 5085. All policies issued by the company must state specifically that the liability of each member is not limited. All persons becoming members of such company must sign the constitution and by-laws, and shall be held in law to comply with all the provisions and requirements of the company."

"§ 5086. Such company shall in no instance have the power to insure the property of others than members of the company; but when a member of such company shall move from this state owning property in this state insured by such company, such company may continue to insure such property for such former resident if it so desires and such former resident shall continue to be a member of said company so long as he continues to own such property and said company continues to insure the same.

"Said county mutual fire insurance companies shall be permitted to insure churches or public halls located outside of incorporated cities. No such company shall insure any property beyond the limits of the territory comprised in the formation of the company, except as provided in this article, nor shall it insure any property within the limits of any incorporated city or town, except that located on tracts of land not less than five acres in area, located within the limits of any city, town or village, nor shall it expose itself to loss on any one risk to an amount in excess of that provided for in section 5073."

The import of these sections is: (1) That policies of insurance issued by the company must be in writing; (2) they can only be issued to members of the company; (3) before anyone can become a member he must sign the constitution and by-laws and thus agree in writing to be bound by them. This intent is further effectuated by the articles of incorporation and the by-laws:

"IX. Any person owning property in Bingham, Bonneville, Madison, Jefferson and Fremont Counties, Idaho, may

become a member of this company by complying with its articles and by-laws, and shall be entitled to all rights and privileges appertaining thereto." (Articles of Incorporation, sec. 9.)

"X. .... The directors of the company may issue policies signed by the president and secretary, agreeing in the name of the Company, to pay all losses or damage by fire for a term not exceeding five years, to the holder of such policy, not exceeding the sum named herein. Every person so injured shall give an obligation bearing even date with the policy issued to him binding himself, his heirs and assigns, to pay his *pro rata* share to the Company of all losses or damages by fire which may be sustained by any member of the Company during the time for which their respective policies are written and they continue members of the Company, and they shall also at the time of effecting the insurance pay such percentage in cash and other charges as may be required by the rules and by-laws of the Company." (Articles of Incorporation, sec. 10.)

"Section 1. Any person owning property in Bingham, Jefferson, Bonneville, Madison or Fremont Counties, Idaho, may become a member of this Company by making application for insurance and paying to the Company, or to its agent the amount required to be paid on each One Hundred Dollars' worth of insurance, according to the classification of the property to be insured as a membership fee and Two Dollars for policy fee, all of which will be returned to the applicant if policy is not issued." (By-laws, sec. 1.)

"Sec. 2. When a person obtains additional insurance, or when a renewal is made, the member will be charged membership and policy fees." (By-laws, sec. 2.)

Thus, under the statutes, articles and by-laws, and in accord with the rules of the company, the person who seeks insurance from that company makes application therefor, upon a printed form subscribed by him, wherein he agrees to become a member of the company, agrees to be governed by its articles of incorporation, and by-laws, which are made a part of the application, and agrees to pay his

share of all losses *pro rata* with all other insurance in force. The insurance policy which is issued upon the acceptance of an application by the company likewise embodies these same terms, makes the articles and by-laws part of the policy, and in accord with the statute provides, "The liability of each member of this company is not limited." The application form heretofore referred to also provides, "The insurance applied for shall not be valid until this application is approved by the secretary," and the policy form provides, "Not valid until countersigned by the Secretary at Idaho Falls, Idaho." The practical procedure incident to the obtaining of a policy of insurance in the company is quite clear. The applicant first makes the written application wherein is divluged the facts necessary to determine whether he is eligible for membership within the terms of the law and in which he subscribes to the articles and by-laws. With this application he must tender the fees provided in section 1 of the by-laws. Before the policy is issued, the application must be approved by the secretary, there being nothing provided as to whether such approval must be in writing. When the policy is issued, it is not valid until countersigned by the secretary. It is the clear intent that an applicant shall become a member by subscribing to the articles and by-laws in writing, the acceptance of his application and the issuance of a policy to him, which shall be in writing and countersigned by the secretary. Not only is this intent apparent from a consideration of the statutes, articles and by-laws, but such procedure has been invariably followed out by the company, and all of its approved printed forms are in line with such intent.

" . . . . the general rule seems to be that one does not become a member of a mutual insurance company until he receives his policy." (*Bracken County Ins. Co. v. Murray,* 166 Ky. 821, 179 S. W. 842.)

Being organized only for the purpose of insuring property of its members, an agent of a mutual company necessarily could not enter into a valid contract to insure

the property of a nonmember, and in our opinion no mutual company could be held liable in an action upon a contract based upon an agreement for or of insurance with a non-member.

"Clearly it was the purpose of the statute to authorize the organization of such companies only for the purpose of insuring the property of its members, and giving such members, through the medium of the corporation the authority to enter into mutual contracts of insurance with other members; that is to say, that each member who is admitted is at one and the same time both insurer and insured. To say that one may become by his own act a member of such a company, whether it be agreeable to the organization or contrary to its wishes, would be to compel the other members of the company to accept insurance risks which they might not be willing to accept, and would place such assessment companies, who would thus be compelled to accept unsatisfactory and undesirable risks, at a great disadvantage in their quest for business." (*Bracken County Ins. Co. v. Murray, supra.*)

Persons who seek mutual insurance are charged with notice of the provisions and limitations incident to that form of company.

"On the other hand, the company relies upon the rule which has frequently been applied to mutual insurance companies, and is illustrated by the case of *Haden v. Farmers' & Mechanics' Fire Asso.*, 80 Va. 683. There it is distinctly held that persons dealing with such a corporation are affected with notice of the provisions and limitations of its charter, constitution, and by-laws, and that an agent whose powers are limited thereby to receiving and forwarding applications for insurance, together with the premiums, to the company for acceptance or rejection, can make no contract of insurance binding the company." (*Northern Neck Mutual Fire Assn. v. Turlington*, 136 Va. 44, 116 S. E. 363.)

One who desires the benefit of a contract of mutual insurance must first place himself within the category of persons

entitled thereto, i. e., he must become a member of the company, by first subscribing to its articles and by-laws, making written application, and receiving his policy. As stated in the latter case, the powers of an agent of a mutual company are in this respect limited by law and by the internal regulations of the company, and any person proposing to contract with the company is charged with notice thereof. Any other rule would defeat the aims and purposes of the mutual insurance acts, and would permit the foisting of liabilities upon a company which the law does not permit it to assume. This attitude is very clearly expressed by the supreme court of Kansas in a case closely parallel relating to the renewal of a policy of mutual fire insurance.

"In order to be of greatest service, small mutual companies must be free to conduct their business with as little formality as possible. Certain fundamental standards of prudence established by universal experience must be observed, however, or the ends to be accomplished are certain to be defeated. The statutory regulations are simple as they can be made, consistent with safety. A practice of making mutual relations and obligations of association and member and conduct of the association's financial affairs for the protection and benefit of all the members depend entirely on a street conversation is not consistent with safety. The policy of the statute is definitely against purely oral contracts of insurance. The plaintiff's cause of action is not based on so substantial a thing as an oral contract of insurance. It rests on an oral contract to effect insurance in the future. The contract was not negotiated by the company or anyone having power to bind it, and the Smith loss did not constitute a liability of the mutual company." (*Smith v. Miami Farmers' Mutual Fire Ins. Co.*, 125 Kan. 10, 262 Pac. 552.)

Other cases which follow this construction are: *Modern Woodmen of America v. International Trust Co.*, 25 Colo. App. 26, 136 Pac. 806; *Daffron v. Modern Woodmen of America*, 190 Mo. App. 303, 176 S. W. 498; *Miller v. Hills-*

*borough Mutual Fire Assur. Assn.*, 42 N. J. Eq. 459, 7 Atl. 895; *Valerio v. Woodmen of the World*, 174 Wis. 519, 183 N. W. 697; *Salquist v. Oregon Fire Relief Assn.*, 100 Or. 416, 197 Pac. 312; *Kauphusman v. Home Mutual Hail-Tornado Ins. Co.*, 203 Wis. 184, 233 N. W. 85; *Goldberg v. Seneca, S. & R. Mutual Fire Ins. Co.*, 170 Wis. 116, 174 N. W. 558; *Northern Neck Mut. Fire Assn. v. Turlington, supra; Bracken County Ins. Co. v. Murray, supra; Belleville Mutual Ins. Co. v. Van Winkle*, 12 N. J. Eq. 333; *Livestock Ins. Assn. v. Stickler*, 64 Ind. 191, 115 N. E. 691.

We are aware that there are many authorities upholding the contrary view,[1] but a careful consideration of them leaves us convinced that the rule which we have announced is sustained by the better reasoning, and better serves to express and maintain the spirit and intent of the mutual insurance statutes.

[1] *Loomis v. Jefferson County Patron's Fire Relief Assn.*, 92 App. Div. 601, 87 N. Y. Supp. 5; *Kausal v. Minnesota Farmers' Mutual Fire Ins. Assn.*, 31 Minn. 17, 47 Am. Rep. 776, 16 N. W. 430; *Commercial Mut. Marine Ins. Co. v. Union Mut. Ins. Co.*, 19 How. 318, 15 L. ed. 636; *Union Mut. Ins. Co. v. Wilkinson*, 13 Wall. 222, 20 L. ed. 617; *Mutual Benefit Life Ins. Co. v. Robison*, 58 Fed. 723, 22 L. R. A. 325; *Menk v. Home Mut. Ins. Co.*, 76 Cal. 50, 9 Am. St. 158, 14 Pac. 837, 18 Pac. 117; *Van Loan v. Farmers' Mut. Fire Ins. Assn.*, 90 N. Y. 280; *Ellis v. Albany City Fire Ins. Co.*, 50 N. Y. 402, 10 Am. Rep. 495; *Gay v. Farmers' Mut. Ins. Co.*, 51 Mich. 245, 16 N. W. 392; *Royal Neighbors of America v. Fortenberry*, 214 Ala. 387, 107 So. 846; *Brown v. Franklin Mut. F. Ins. Co.*, 165 Mass. 565, 52 Am. St. 534, 43 N. E. 512; *Corrigan v. National Motor Underwriters*, 222 Mo. App. 113, 1 S. W. (2d) 845; *Shepard v. Boone County Home Mut. Fire Ins. Co.*, 138 Mo. 20, 119 S. W. 984; *Barlow v. Farmers' Mut. F. Ins. Co.*, 128 Ill. App. 580; *State Mut. Fire Ins. Co. v. Taylor*, (Tex. Civ. App.) 157 S. W. 950; *Ginners' Mut. Underwriters' Assn. v. Fisher*, (Tex. Civ. App.) 222 S. W. 285; *Pacific Mut. Ins. Co. of Calif. v. Shaffer*, 30 Tex. Civ. App. 313, 70 S. W. 566; *Alliance Co-op. Ins. Co. v. Corbett*, 69 Kan. 564, 77 Pac. 108; *Zell v. Herman Farmers' Mut. Ins. Co.*, 75 Wis. 521, 44 N. W. 828; *Knights of Maccabees v. Gordon*, 83 Ark. 17, 102 S. W. 711; *Palm v. Medina County Mut. Fire Ins. Co.*, 20 Ohio, 529; *Posey County Fire Assn. v. Hogan*, 37 Ind. App. 573, 77 N. E. 670.

The plaintiffs in this case were already members of the defendant company at the time of the transaction with Mr. Shattuck by virtue of their previous application and the issuance to them of a policy covering the outbuildings. By reason of being members, they were necessarily charged with notice and knowledge of the statutes, articles and by-laws (*Smith v. Miami Farmers' Mutual Fire Ins. Co., supra*), and neither the secretary nor any other officer could waive prescribed requirements as against other members and enter into a valid oral contract for or of further insurance. The reason for this is, as hereinbefore pointed out, that the member so dealing in violation of these requirements does not become mutually bound to the other members for the *pro rata* assessments for other losses assessable against the added insurance, and such other members cannot be forced into a liability which they have never accepted or consented to. Such consent can only be implied when a full compliance with the statutes, articles and by-laws is had by the members seeking the insurance.

These plaintiffs, however, are in a much different position than if they were seeking recovery upon a contract for or of insurance entered into in violation of the statutes, articles and by-laws. Admitting knowledge of the requirements, they show that they offered to comply therewith by making a new written application covering the additional insurance, and that they did not do so because Mr. Shattuck, the secretary, expressly told them that such course of action was not necessary, but that he would insert the dwelling insurance in the application already on file and issue the new policy thereon. Thus it appears that, instead of violating the fundamental laws and regulations of the company, the plaintiffs attempted to comply therewith and were only prevented by the express representations of Mr. Shattuck and his negligence in failing to carry out his agreement to amend the original application which had already been signed by the plaintiffs and to issue the policy for the extra insurance. No contract was ever completed between the parties and this action is based squarely upon the negligence of the secretary in the particulars mentioned. The

question is whether the loss so occasioned must be borne by the plaintiffs only, or whether it shall be borne by the fellow members of the defendant mutual insurance company.

The business of the company was to insure its members. Certainly Mr. Shattuck was acting within both the real and apparent scope of his authority when he dealt with the plaintiffs for insurance, they being members and entitled to the further insurance. Accepting their version, they would have signed a new application had they not been prevented by Mr. Shattuck. It would seem probable that, with the consent of the insured, the original application could have been amended to include the dwelling and thus authorize the additional insurance, which was the method suggested by Mr. Shattuck. Respondents were never notified that their application had been rejected, or otherwise warned in any manner that they were without insurance, they having relied implicitly upon the statements and representations of Mr. Shattuck that the dwelling would be insured by reason of the transaction had in relation thereto. Since the dwelling had already been appraised and the insurance solicited by Mr. Shattuck, no reason is suggested in the record to sustain any other conclusion but that Mr. Telford's application for additional insurance would have been accepted and the policy issued in due course, had it not been for the negligence of the secretary, Mr. Shattuck. Under the circumstances the company must be held liable for the damages actually accruing to plaintiffs on account of the loss suffered by them, to the same extent as if it were an ordinary commercial company. (*Duffy v. Bankers' Life Assn. of Des Moines,* 160 Iowa, 19, 139 N. W. 1087, 46 L. R. A., N. S., 25; *Boyer v. State Farmers' Mutual Hail Ins. Co.,* 86 Kan. 442, Ann. Cas. 1915A, 671, 121 Pac. 329, 40 L. R. A., N. S., 164; *Kukuska v. Home Mutual Hail-Tornado Ins. Co.,* 204 Wis. 166, 235 N. W. 403; *Lewis v. Brotherhood of Locomotive Firemen and Enginemen,* 220 Ala. 270, 124 So. 889; *Perez v. Fort Worth Mutual Ben. Assn.,* (Tex. Civ. App.) 291 S. W. 574; *Royal Neighbors of America v. Fortenberry,* 214 Ala. 387, 107 So. 846.)

These cases cited above go to the extent of authorizing recovery by persons not members of the mutual association against which the action was brought. We expressly reserve the question as to whether we shall so extend the rule, and confine this opinion to the specific facts in hand.

We shall note one other contention of appellant—that the failure of respondents to pay the policy fee and charges for the additional insurance at the time of the application will prevent recovery. We do not deem this controlling, since it likewise involves the violation of the by-laws of the company by the secretary, without fault on the part of the member. Mr. Telford testified that he inquired as to what charges were due at the time of the transaction with Mr. Shattuck, and was told that he could "fix it" later on. No demand was made for payment, and there was some evidence of a course of dealing permitting payment of these charges when the policy was issued. If Mr. Shattuck negligently breached the by-laws in thus dealing with a member ready and willing to abide by them, the latter cannot be made to suffer the consequences contended for by appellant on account of this extension of credit. This conclusion is in accord with our previous discussion.

The judgment is affirmed. Costs are awarded to respondents.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.

Petition for rehearing denied.