No. 20682.

LAWRENCE A. RASMUSSEN, ET AL. *v.*
ALEXANDER FREEHLING, JR.
(412 P.2d 217)

Decided March 21, 1966.

RAYMOND DUITCH, for plaintiffs in error.

WOOD, RIS and HAMES, THOMAS T. CRUMPACKER, GERALD W. BENNETT, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

THE Rasmussens are before this court claiming that the district court erred in entering a judgment of dismissal in favor of Freehling, solely on the pleadings. Specifically at issue is whether a release obtained by an alleged misrepresentation of Freehling's attorney as to the contents and legal effect of the document placed before the Rasmussens is a complete defense to their claim.

This suit grew out of an automobile collision on November 24, 1957, between vehicles driven by Mr. Rasmussen and Mr. Freehling in which the Rasmussen automobile was damaged and Mrs. Rasmussen, a passenger, sustained personal injuries. On October 22, 1958, Freehling's then attorney obtained a release from the Rasmussens which reads as follows:

"FOR THE SOLE CONSIDERATION OF FIVE HUNDRED AND NO/100 Dollars, the receipt and sufficiency whereof is hereby acknowledged the undersigned hereby releases and forever discharges ALEXANDER FREEHLING & THOMPSON PIPE COMPANY, their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable, or who

might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person or property, which have resulted or may, in the future, develop from an accident which occurred on or about the 24th day of November, 1957 at or near Bellview Avenue & Valley Highway, Arapahoe County, Colorado.

"Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned.

"In Witness Whereof, We have hereunto set our hands and seals this 22nd day of October 1958."

On March 30, 1959, a suit was begun by Mr. Rasmussen to recover property damage to his automobile in the amount of $83.82. The complaint was subsequently amended to include Mrs. Rasmussen as a plaintiff, damages of $500 medical expenses, $12,000 pain and suffering, and $12,000 permanent disability being claimed by her. Mr. Rasmussen alleged additional damage in the form of loss of consortium in the amount of $5,000.

In his answer Freehling set out the release obtained by his attorney as an affirmative defense. The Rasmussens' reply alleged that the release was obtained by fraud, misrepresentation, and duress in that the document was represented by the attorney as a receipt for the payment of $500 given to cover expenses incurred by the Rasmussens up to that time, and that the document was only signed because the attorney had caused monies from Freehling for the payment of medical expenses to be wrongfully withheld. Pursuant to a request for admissions, the Ramussens admitted: (1) that they

voluntarily executed the original of the release in the presence of the attorney; (2) that the signatures on the release were genuine and were theirs; (3) that they received the consideration of $500 stated in the release; and (4) that the original of the release was genuine.

When the cause came on for trial, the court granted Freehling's motion for judgment on the pleadings, holding the release to be an absolute defense that remained unavoided by any of Rasmussens' allegations.

Nowhere in any of the multitude of complaints, amended complaints, replies and amended replies does there appear an explanation or excuse for the Rasmussen's failure to read the release or for their reliance upon the attorney's alleged misrepresentations as to its contents. Whether this be requisite to stating a claim upon which relief can be granted is the resolving question.

■ The issue thus posed requires harmonizing two seemingly conflicting policies of the law. The first is a corollary to the rule of the sanctity of written documents which dictates that persons privy to such agreements are bound by their terms; that if one signs a contract without reading it he is barred by his negligence from claiming he is not bound by what he has signed. Corbin, *Contracts,* §§ 107, 607. On the other hand stands the salutary rule that a fraud perpetrator shall not profit from his contrivance nor the gullibility of his victim. 3 Pomeroy, *Equity,* § 918, 37 C.J.S. Fraud, § 30(c).

■ The cases traditionally have resolved this conflict upon the ground that one must do what reasonably prudent men do for their own protection when they are capable of so acting. Corbin, *op. cit. supra.* Under a given set of circumstances it is a question of fact whether an individual has measured up to this standard.

■ Because the trial court disposed of this matter by rendering a judgment on the pleadings, we must confront still a third legal policy, expressed by our Rules

of Civil Procedure, to the effect that pleadings need serve only as adequate "notice" of the claim being asserted; they need not state a "cause of action" in complete particulars as that term sometimes meant under previous litigation procedure. See R.C.P. Colo., 8(a), 8(e)(1), and 8(f).

■ Taking all the above factors into account, we are of the opinion that the trial court erred in rendering its judgment on the pleadings in favor of the defendant. The pleadings recounted a situation which, if sustained by proof, saw a release obtained by fraud through knowing misrepresentation of a material fact upon which it was intended plaintiffs should rely and upon which they did rely in good faith to their prejudice. Thus were the five traditionally given elements of fraud set out. *Morrison v. Goodspeed,* 100 Colo. 470, 68 P.2d 458.

■ Before a balance may be struck between the objective terms of the release and the more subjective elements of fraud, our Rules of Civil Procedure direct that, except in extreme cases, all the facts be weighed. Evidence should have been taken by the court, and the motion for judgment on the pleadings should therefore not have been granted.

Error having been committed, the cause is reversed and remanded for proceedings not inconsistent with this opinion.

Mr. Justice Pringle and Mr. Justice Schauer concur.