C. Glenn TERRY, Plaintiff,

v.

AVEMCO INSURANCE COMPANY, a capital stock insurance company having its principal place of business in Maryland, Defendant.

Civ. A. No. 86–A–1663.

United States District Court, D. Colorado.

April 24, 1987.

J. Scott Hamilton, Broomfield, Colo., for plaintiff.

James C. Tienken, Weller, Friedrich, Hickisch, Hazlitt & Ward, Denver, Colo., for defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ARRAJ, District Judge.

This matter is before the Court on defendant's motion for summary judgment. The parties have submitted briefs and other documentation in support of their respective positions on this motion, and on March 26, 1987, oral argument was had on this motion and on plaintiff's motion to amend the pretrial order. At that time, plaintiff's motion to amend was granted, and the parties were allowed ten additional days in which to submit · supplemental briefs on defendant's motion for summary judgment. One such brief having been received from defendant, further oral argument would not materially assist the Court in the resolution of this matter.

### BACKGROUND

Plaintiff C. Glenn Terry, a citizen of the state of Colorado, was the owner of a 1957 Luscombe T8F airplane. Defendant Avemco Insurance Company, a capital stock insurance company with its principal place of business in Maryland, is in the business of issuing aircraft insurance policies through the Aircraft Owners and Pilot's Association, of which plaintiff is a member.

Plaintiff purchased a Luscombe T8F airplane in September of 1982, in Winter Haven, Florida. Before arranging to have the airplane flown home, plaintiff purchased a non-commercial aircraft insurance policy from the defendant, which provided coverage for bodily injury and property damage, as well as $12,000.00 coverage for aircraft damage. However, since plaintiff intended to fly the airplane continually himself and did not foresee wrecking it, plaintiff purchased a policy which specifically excluded in-flight damage to the aircraft.

During the summer of 1983, plaintiff arranged to borrow approximately $8,000.00 from the Moffat County State Bank in Craig, Colorado. Pursuant to his agreement with the bank to use his airplane as collateral for the loan, on July 1, 1983, plaintiff telephoned defendant's office in Frederick, Maryland.

What transpired during this telephone conversation is a matter of factual dispute. Defendant contends that plaintiff's only request was that defendant add the bank's

name to the policy as a lienholder on the aircraft, and denies that plaintiff ever requested additional coverage. Plaintiff, however, contends that he requested defendant change his policy from just liability to full hull coverage. He also contends that defendant agreed to add full coverage to his policy, and to send a copy of the amended policy to the bank. In any case, no additional coverage was provided.

During the next three years, plaintiff was routinely provided with several statements from defendant, each of which would have shown that no additional coverage had been provided. Unfortunately, plaintiff failed to read these statements, and at all times assumed that he was now covered for in-flight damage.

On March 31, 1986, plaintiff's aircraft was destroyed when it was forced to make an emergency landing. Plaintiff then filed a claim with defendant, which was denied on the basis that the policy excluded in-flight damage.

On August 5, 1986, plaintiff filed this action. He admits that the existing policy does not provide coverage for the accident which occurred, but contends that defendant was negligent in failing to provide the additional coverage which plaintiff requested. Defendant has now filed this motion for summary judgment, contending that plaintiff's failure to read his policy and inform defendant of any discrepancy prior to filing his claim bars his negligence claim as a matter of law. In the alternative, defendant contends that plaintiff's failure to read his policy amounts to contributory negligence.

## DISCUSSION

■ Under Rule 56, Fed.R.Civ.P., summary judgment may be entered only when there is no genuine issue of material fact outstanding. *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1383 (10th Cir.1980). Because it is a drastic remedy, the movant must establish entitlement to summary judgment beyond a reasonable doubt. *Norton v. Liddel,* 620 F.2d 1375, 1381 (10th Cir.1980). In addition, all pleadings, documents, and depositions must be construed liberally in favor of the party against whom the motion is made. *Mustang Fuel Corp., v. Youngstown Sheet & Tube Co.,* 516 F.2d 33, 36 (10th Cir.1975). Thus, where different inferences can be drawn from conflicting testimony or documents, the law is clear that summary judgment should not be granted. *Romero v. Union Pacific Railroad,* 615 F.2d 1303, 1309 (10th Cir.1980).

■ Defendant argues that plaintiff is barred as a matter of law from maintaining an action against an insurance company for negligently failing to procure the specified insurance. This precise issue is apparently one of first impression in Colorado. Where no state court has clearly addressed an issue, the federal court must use its own discretion to determine what the highest state court would probably hold were it called upon to decide the issue. *Herndon v. Seven Bar Flying Service, Inc.,* 716 F.2d 1322, 1332 (10th Cir.1983), *cert. denied* 466 U.S. 958, 104 S.Ct. 2170, 80 L.Ed.2d 553 (1984). In doing so, this Court may consider all relevant resources, including decisions of the courts of the state, decisions of other state courts, federal decisions, and the general weight and trend of authority. *Hartford v. Gibbons & Reed Co.,* 617 F.2d 567, 569 (10th Cir.1980).

■ Under the facts presented here, plaintiff is not limited to a cause of action based upon contract. Rather, a claim based upon a promise to insure, and failure to issue a policy, may give rise to a tort action for damages produced by the failure of the insurer to promptly perform the duty which the facts imposed upon it. 12A J. Appleman, *Insurance Law and Practice,* § 7216 at p. 107 (1981).

Colorado courts have long recognized that an insurance broker or agency may be held liable for negligent delay or failure to obtain insurance:

> [W]here an insurance agency undertakes to secure specific coverage or leads a policyholder to believe certain coverage has been obtained, if the coverage is not included in the policy, it is liable for its negligence.

*Pete's Satire, Inc. v. Commercial Union Insurance Co.*, 698 P.2d 1388, 1390 (Colo. App.1985), *cert. granted* 706 P.2d 1283 (Colo.1985). *See also Mayhew v. Glazier,* 68 Colo. 350, 189 P. 843 (1920); *Heller-Mark & Co., v. Kassler & Co.*, 37 Colo.App. 267, 544 P.2d 995, 997 (1976). This same cause of action is also maintainable directly against an insurance company where, as here, no insurance broker is involved.[1] The Colorado Supreme Court has found that insurance companies, as institutions affecting the public interest, upon receiving an application are bound to furnish insurance, or decline to do so, within a reasonable time, or to suffer the consequences of their negligence. *DeFord v. New York Life Insurance Co.*, 75 Colo. 146, 149, 224 P. 1049 (1924).

■ Having recognized a cause of action directly against an insurance company for negligent delay in the issuance of a policy, the Colorado Supreme Court would probably also recognize a cause of action for negligent failure of an insurance company to execute the policy requested by the plaintiff. This is in accord with the law of other jurisdictions, which also recognizes this cause of action.

> [A]n action will lie in tort against an ordinary commercial insurance company for the negligence of its agent in failing to execute and deliver a policy of insurance which he had orally agreed to issue.

*Telford v. Bingham County Farmers' Mutual Insurance Co.*, 52 Idaho 461, 16 P.2d 983, 984 (1932). *See also Talbot v. Country Life Insurance Co.*, 8 Ill.App.3d 1062, 291 N.E.2d 830, 832 (1973); *Prince v. Royal Indemnity Co.*, 541 F.2d 646, 650 (7th Cir.1976), *cert. denied* 429 U.S. 1094, 97 S.Ct. 1108, 51 L.Ed.2d 540 (1977); *Brand v. International Investors Insurance Co.*, 521 P.2d 423, 426 (Okla.App.1974); *Milbank Mutual Insurance Co. v. Schmidt*, 304 F.2d 640, 643 (8th Cir.1962).

■ Defendant contends that plaintiff's failure to read his insurance policy bars his maintaining the present action. Although

it is true that a party who signs a contract without reading it is barred from claiming that he is not bound by what he signed, *Rasmussen v. Freehling*, 159 Colo. 414, 412 P.2d 217, 219 (1966); *Clayton Brokerage Co. of St. Louis, Inc. v. Stansfield*, 582 F.Supp. 837, 841 (D.Colo.1984), defendant misconstrues the applicability of this rule to the present case. A related issue was dealt with by the Appellate Court of Illinois, which stated:

> The law in Illinois regarding coverage disputes under insurance policies follows two distinct paths. The first concerns insurer-insured cases in which one of the parties attempts to deny the effectiveness of a part of the policy. In this situation, a duty is imposed upon the insured to have read the policy and to have informed the insurer of any discrepancy prior to the time of filing a claim. [Citations omitted]. The second line of cases concerns the insured-agent relationship where in order to prevail on his claim, the insured must prove that the agent negligently performed his duty to procure a specified policy. In this situation, *while the insured's failure to read the policy may amount to contributory negligence, it does not operate as a bar to relief as a matter of law.* (Emphasis added).

*Floral Consultants, Ltd. v. Hanover Insurance Co.*, 128 Ill.App.3d 173, 83 Ill.Dec. 401, 403, 470 N.E.2d 527, 529 (1984). The present fact situation is far more similar to that of the second line of cases, wherein the agent failed to follow the insured's instructions to procure a specific policy. This Court does not view the fact that here plaintiff dealt with the insurer rather than with an independent insurance broker as altering the result. Therefore, plaintiff's failure to read the policy does not operate as a bar to relief as a matter of law.

■ Finally, defendant contends that it is entitled to summary judgment on the basis that plaintiff's failure to read his

---

**1.** *Pete's Satire, Inc. v. Commercial Union Insurance Co., supra,* does not mandate a different result. In that case, although the court refused to hold the insurer liable, plaintiff had obtained

his insurance through a brokerage firm which negligently obtained the wrong coverage. Here, plaintiff alleges that it was the insurance company itself that was negligent.

policy amounted to contributory negligence. This Court disagrees.

Colorado has adopted by statute the principle of comparative negligence as the measure of damages in negligence cases. *Colo.Rev.Stat.* § 13–21–111 (1973). The purpose of comparative negligence is to ameliorate the harshness of the complete bar resulting from common law contributory negligence. *Montgomery Elevator Co. v. Gordon*, 619 P.2d 66, 70 (Colo.1980). Furthermore, the issue of percentage of negligence is one for the jury, and only in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference from them should this issue be determined as a matter of law. *Transamerica Insurance Co. v. Pueblo Gas and Fuel Co.*, 33 Colo.App. 92, 519 P.2d 1201, 1204 (1973). In this case, the facts relevant to defendant's alleged negligence are in dispute. Therefore, this is not an appropriate case for summary judgment. Accordingly, it is

ORDERED that defendant's motion for summary judgment is DENIED.