No. 9497.

MAYHEW v. GLAZIER ET AL.

1. PLEADING—*Waiver*. Answer and proceeding to trial after the overruling of a demurrer waives the error in that ruling, except as to the gound that no cause of action is stated.

2. ——*Construed*. The complaint alleged that defendant agreed to "immediately forward" to the home office of an insurance company, plaintiff's application for insurance of a certain crop against injury by hail; default made and subsequent injury to the crop by hail. *Held* that defendant was the agent of plaintiff to forward the application, that in this application he acted for himself and not for the insurance company, and that a cause of action was shown.

3. ——*Amendment—Upon trial, not prejudicial*, is not error.

4. CONTRACT—*Public policy*. Contract of the agent of an insurance company to forward to the home office an application for insurance is not in conflict with any duty of the agent to his principal, and is not against public policy.

The agent accepted the promissory note of the insured, payable to himself, for the premium; inasmuch as this was permitted by the instructions of the company it did not invalidate the undertaking.

5. ——*Liability of Agent*, for his failure to transmit the application, and the subsequent partial destruction of the crop, was the same as what would have been the liability of the company in that case, if the application had been forwarded and accepted.

An instruction construed to correctly state the measure of damages.

6. ——*Duty of plaintiff to protect himself against defendant's default*. Plaintiff not being informed of defendant's failure to transmit the application, until after the destruction of his crop, was not prejudiced by his omission to seek other insurance.

7. EVIDENCE—*Expert testimony*. Farmers are competent to testify as experts as to what would have been the yield of a certain crop, destroyed while immature, if it had matured, with, which, and with the land upon which it grew they are acquainted.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Messrs. TOLLES & COBBEY, for plaintiff in error.

Messrs. MELVILLE & MELVILLE, Mr. WALTER S. COEN, Mr. E. M. WALTON, Mr. F. B. TIFFANY, Messrs. MOONAN & MOONAN, for defendants in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is an action for damages for breach of contract, and was brought by B. E. Glazier against J. H. Mayhew. The National Union Fire Insurance Company was made a party defendant at the request of the defendant Mayhew. Upon trial, before a jury, a verdict was rendered in favor of the plaintiff and against the defendant Mayhew. The court directed a verdict in favor of the Insurance Company. Judgment was entered in favor of plaintiff and against the defendant Mayhew for $450 and costs, and in favor of the Insurance Company against the plaintiff for costs. The defendant Mayhew brings the cause here for review.

The record shows that plaintiff filed his complaint on July 27, 1916, and on February 13, 1917, filed his amended complaint. The defendant Mayhew filed a motion to strike the amended complaint, upon the ground that the action, as shown by the original complaint, was one upon contract, and "that the amended complaint * * * seeks to recover damages for certain alleged torts." This motion was overruled, and error is now assigned to the overruling of the motion. We agree with the trial judge, in the following statement made by him, upon overruling a motion for a nonsuit: "The allegations of the complaint as amended, show that this is an action based upon a contract and an alleged breach thereof, to recover damages. * * * It is true there are certain allegations in the amended complaint from which a person might assume or infer that the action is not based upon contract, but is based on tort. Boiled down, the complaint alleges that the defendant agreed to do a certain thing and he failed to do that certain thing. * * *" The motion to strike was properly overruled. The allegations of the amended complaint are to the following effect: That on June 9, 1916, the defendant Mayhew solicited and obtained an application for hail in-

surance from plaintiff on eighty acres of beans, and, in obtaining such application, agreed to and did accept plaintiff's promissory note for the premium, and further agreed to cause the policy of insurance to be issued by the National Union Fire Insurance Company and to become effective on the following Monday, June 12, 1916; but, notwithstanding such agreement on his part, defendant did not present or forward said application to the company, and no policy of insurance was ever issued; and that on Sunday, June 18, 1916, a storm of hail partially destroyed the crop of beans on the entire eighty acres; and that solely because of defendant Mayhew's failure and neglect to forward said application to the insurance company, the crop of beans had not been insured, and plaintiff had been damaged.

A demurrer was filed to the amended complaint, and overruled. Assignment of error No. II relates to the overruling of the demurrer to the amended complaint. The defendant Mayhew, after the demurrer was overruled, filed an answer, and proceeded to trial on the merits. This was a waiver of the right to object to the ruling on the demurrer, except as to that ground alleging failure to state a cause of action. 31 Cyc. 746; 3 C. J. 668, sec. 539. In this connection, the defendant Mayhew, the plaintiff in error, contends that the amended complaint shows that "in the transaction" the defendant Mayhew "was acting for the insurance company as its agent and whatever contract was made  *  *  * was with said company." We do not so regard the complaint. The agreement relied on, in the complaint, is one alleged to have been made with the defendant in his individual capacity, whereby the defendant "would immediately forward" the plaintiff's application "to the home office of the company." It is further alleged "that solely because of defendant's failure and neglect to forward said application to the company's home office  *  *  * plaintiff's said crop had not been insured." The complaint shows that the defendant Mayhew was the agent of the plaintiff for the purpose of forwarding the application for insurance to the insurance company. A cause of action is stated, and there was no error in overruling the demurrer.

At the trial, the plaintiff was permited to amend the amended complaint by adding the word "partially" to an allegation of the complaint, so that the same would read: "A storm of hail partially destroyed plaintiff's crop." Error is assigned to the trial court's action in this respect, but if any error there was, the same, it appears from the record, was not prejudicial to the defendant. Furthermore, no objection was made to the amendment, counsel for the defendant merely stating: "I think it is quite late to make an amendment of that kind. We have been going on the theory all the time there was a total failure of the crop."

There are seventy-five assignments of error, in addition to those already considered. A great many of these are based upon the theory that the defendant Mayhew, in every part of the transaction with the plaintiff, was acting as the agent of a disclosed principal. This theory is erroneous, and it follows, from this circumstance, that many of the principles and authorities relied upon by the plaintiff in error are not applicable in the instant case.

There is no occasion for the application of the rule, stated in the brief of the plaintiff in error, that "no agent can be bound by a contract which he makes for his principal when he discloses his principal." The agreement of the defendant Mayhew was that he would promptly forward the plaintiff's application to the insurance company, and cause a policy of insurance to be issued. It appears self evident that as to such agreement, Mayhew was acting for himself and not for the insurance company. Counsel for the plaintiff in error state that "in this case the evidence of the plaintiff shows that Mayhew told him that he represented the insurance company." It may be assumed that the plaintiff understood that Mayhew was an agent for an insurance company, but that fact tends to prove rather than to disprove the existence of an agreement, such as that alleged in the complaint, between the plaintiff and the defendant Mayhew in his individual capacity. If the plaintiff believed that Mayhew was an insurance agent, he would naturally believe that such agent could cause a policy to be issued, and, if

desiring insurance, might give to such agent an application for insurance. Such was the situation between the plaintiff and the defendant Mayhew. The plaintiff desired hail insurance, effective at the earliest possible moment. He gave the defendant his promissory note, payable to the defendant himself, as payment for the premium, with the understanding that the defendant would cause a policy to be issued without any delay. The transaction occurred on June 9, 1916. According to the testimony of the plaintiff, he said to the defendant Mayhew: "Now, there is no ifs and ands in the way about this. I can get this insurance at the bank and I take no chances. I want this in full effect and force immediately if I give you this note." And to this, Mayhew replied: "I surely will have it done on Monday without fail; you will have your policy no later than Wednesday." In the matter of causing a policy of insurance to be issued, and taking prompt action for this purpose by immediately forwarding plaintiff's application for hail insurance to the insurance company, the plaintiff was relying upon, and dealing with, the defendant Mayhew in the latter's individual capacity. In these matters, Mayhew was not the agent of the insurance company.

The plaintiff in error further contends that if plaintiff's contract was with Mayhew personally, and not as agent for the insurance company, the contract was void as against public policy, and non-enforceable. In support of this contention, counsel cite *Ramspeck v. Pattillo,* 104 Ga. 772, 30 S. E. 962, 42 L. R. A. 197, which lays down the rule that an agent cannot make a valid contract where, in the same transaction, he acts as agent for both the insurer and the insured. This rule is not applicable in the instant case. The contract sued upon, alleged to have been made between the plaintiff and the defendant Mayhew, did not conflict with any duty Mayhew owed to the insurance company. Mayhew was the agent of the insurance company for the purpose of soliciting applications for hail insurance, but had no authority to issue policies. The insurance company gave Mayhew certain instructions as to amount of insurance and

the rates of premium, and authorized him to take notes for the premium. It permitted him to take a note running to himself and himself remit to the company the cash for the premium. The contract made between the plaintiff and the defendant Mayhew was not against the interests of the insurance company. It did not call for the issuance of a policy different from the policies usually issued. It did not deprive the company of any premium due it. Mayhew took the note of plaintiff to himself. His instructions from the company permitted him to do this, and he could remit to the company the cash premium rate, less 20% commission. Whatever duty he owed to the company, it did not preclude him from acting as the agent for the insured in the matter of causing a policy to be issued, and in the matter of immediately forwarding plaintiff's application for insurance to the company or to some agent authorized to receive and approve such application. This case falls within the rule, stated in 22 Cyc. 1445, that "the same person may act for different purposes as agent of the different parties to the contract so that for one purpose he may be the agent of the insured, although as to the procuring of the insurance he also represents the company."

As above indicated, we find that the alleged contract, upon which the plaintiff brought this action, was one made by the defendant Mayhew in his individual capacity and not as the agent of the insurance company, and that such contract is valid. As to whether or not such contract was actually made, the evidence was conflicting. The pleading and the evidence of the defendant was to the effect, among other things, that the agreement between the parties was not that the defendant Mayhew would cause a policy to be issued to become effective not later than Wednesday, June 14, 1916, but was, in substance, that the insurance company would first investigate the plaintiff's financial standing and would then either issue the policy or return to plaintiff his promissory note. The jury found the issues in favor of the plaintiff. If the contract alleged by the plaintiff was made, as the jury must have found that it was,

the evidence clearly establishes that the defendant Mayhew committed a breach of such contract, resulting in damage to the plaintiff. No policy of insurance was ever issued to the plaintiff, and therefore plaintiff's crop was not insured at the time the same was injured by a hail storm, on June 8, 1916. The defendant Mayhew admits, in his testimony, that he did not forward plaintiff's application for hail insurance to the insurance company promptly after receiving the same. There is no evidence that he ever did transmit the application to the insurance company or to its general agent at Denver for its or his approval or rejection. There is no evidence that the insurance company was in any way to blame for the fact that the plaintiff's crop was not insured at the time the hail storm occurred. The foregoing circumstances are sufficient to uphold the trial court's action in directing a verdict in favor of the insurance company. Because of the facts, and for the reasons hereinbefore stated, it may be here added that there was no error in denying the defendant Mayhew's motion for a non-suit which was interposed at the close of the plaintiff's evidence, and in denying his motion for a directed verdict which was interposed at the close of all the evidence.

The plaintiff's application for insurance was for hail insurance upon eighty acres of beans at fifteen dollars per acre, so that in case of the total destruction of the crop, over the entire field, the plaintiff would be entitled to receive twelve hundred dollars' insurance. The complaint alleges that on June 18, 1916, "a storm of hail partially destroyed plaintiff's said crop of beans." As to the measure of damages the court instructed the jury as follows: "You are instructed that if you find for the plaintiff, your verdict will be for such a per cent of twelve hundred dollars as the amount of beans destroyed bears to the total crop which would have been produced had no damage by hail occurred." The liability of the defendant Mayhew, with respect to loss or damage of the crop, is the same as that which would have fallen upon the insurance company had the insurance been effected as contemplated. 22 Cyc. 1449. The

defendant Mayhew became liable, if the jury found for the plaintiff, to pay such amount as would have been due under the insurance policy, provided the same had been procured. *Lindsay v. Pettigrew,* 5 S. Dak. 500, 59 N. W. 726; *Rezac v. Zima,* 96 Kan. 752, 153 Pac. 500. In the instant case, the liability of the insurance company, had a policy been issued, would not have been determined according to the usual rules relating to the measure of damages for the destruction of, or injury to, growing crops, but would have been fixed by the contract made between the insurer and the insured. The contract would have been to the effect as recited in the application, as follows: "It is agreed that, in case of total destruction of the crop herein specified by hail, the amount per acre shall be paid by the company, and that in case of a partial damage, the company will pay the same percentage of the amount insured per acre as the grain destroyed bears to the crop, had no damage by hail occurred. Thus, if one-half of the crop insured is destroyed, the company will pay one-half of the amount of insurance per acre. * * * In our opinion, the instruction given conforms to this provision of the application, and therefore correctly states the measure of damages recoverable in this case. While the phraseology employed in the instruction differs from that used in the application, above quoted, it does not lead to any different result. The instruction is not objectionable because it fails to use the words "per acre." We find no error in the giving of the foregoing instruction. The trial court properly refused defendant Mayhew's requested instruction No. 20, which states that the measure of damages is "the value of the beans in their immature state, to-wit, June 18th, 1916."

The plaintiff in error further contends that the trial court erred in permitting certain witnesses for the plaintiff to testify by giving opinion evidence concerning the number of pounds or bushels of beans that would have been produced upon plaintiff's eighty acres of land if there had been no hail. In this connection, reliance is placed upon the rule that the opinion of a witness is inadmissible ex-

the rule that the opinion of a witness is inadmissible ex-
and the witness is able to testify as an expert, and plaintiff
in error claims that "this is not a case which involves pe-
culiar skill or science," or, in other words, that the probable
yield of plaintiff's land, if no hail had occurred, cannot be
made the subject of opinion evidence. We cannot accept
this view. "Expert testimony upon questions relating to
agriculture and all of its various branches is admissi-
ble. * * * An expert may testify as to what crop
specified land will yield under proper cultivation. * * *"
5 Enc. of Evidence, 533, 555. Farmers are competent as
experts to testify to matters of opinion requiring peculiar
knowledge of their particular callings. 11 R. C. L. 632,
sec. 51; 2 Elliott on Evidence, 336, sec. 1061. In the instant
case, it appears from the record that the witnesses in ques-
tion were farmers, residing in the neighborhood where the
plaintiff's field was situated, and had experience in raising
and harvesting beans, and as farmers in general. They
were sufficiently qualified to testify as experts, and their
testimony concerning what quantity of beans the plaintiff's
land would have produced if there had been no hail storm,
was admissible as expert testimony. This view accords with
numerous decisions. In *Farmers Nat. Bank v. Woodell*, 38
Oreg. 294, 61 Pac. 837, it was held proper to permit a wit-
ness to answer the following question: "From your ob-
servation and knowledge of growing beets last year and
this, if your beets there, upon that place, in 1898, had been
thinned, weeded out, hoed, and properly cultivated.
* * * how many tons of beets to the acre would you
have had?" In *Chicago, etc., Ry. Co. v. Longbottom* (Tex.),
80 S. W. 542, the plaintiff was permitted to introduce evi-
dence to show what amount of cotton in the opinion of the
respective witnesses certain land would have produced per
acre if an overflow of water upon such land had not oc-
curred. Such evidence was held competent. As to how
much corn was or might be produced on a certain field, has
been held to be a matter upon which a farmer, as an expert

witness, might express an opinion. 2 Elliott on Evidence, sec. 1061, p. 336.

It is claimed that the trial court struck out similar evidence offered by the defendant, but the record does not disclose this. The defendant was permitted to testify that plaintiff would have raised "about 300 pounds to the acre," if there had been no hail storm. He then added: "I base my calculations upon what neighbors done." It was only this last statement that was stricken, and properly so, because not responsive to the question propounded.

The plaintiff in error complains of the failure of the trial court to submit to the jury the defendant Mayhew's requested instruction No. 5, to the effect that after June 12, 1916, the plaintiff "was not justified in waiting for the policy; but that it was his duty to have at once made other arrangements for insurance." There was no error in the refusal of that instruction. There is no evidence that prior to the hail storm of June 18, 1916, the plaintiff knew or was advised that his application for hail insurance had not been transmitted to the insurance company, or that a policy of insurance had not been issued and was not in effect. According to the defendant Mayhew's own testimony he gave plaintiff no notice whatever, prior to the time of the hail storm, that no policy had been issued. It was the duty of the defendant Mayhew, if unable to procure the insurance, to notify the plaintiff that he could not do so. Under the circumstances existing in this case, as far as disclosed by the record, it was not error for the court to refuse to give an instruction upon the rule of avoidable consequences or the duty of plaintiff to prevent or reduce damages.

Other contentions of the plaintiff in error, not hereinbefore mentioned, are not of sufficient importance to require an opinion upon the points therein raised. We find no such prejudicial error in the record as would justify us in reversing the judgment.

The judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.