## BEHNKE et al. v. STANDARD ACC. INS. CO. OF DETROIT, MICH.

### No. 4312.

Circuit Court of Appeals, Seventh Circuit.

June 6, 1930.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

M. G. Eberlein, of Shawano, Wis., for appellants.

Howard A. Hartman, of Milwaukee, Wis., for appellee.

SPARKS, Circuit Judge.

Appellants were engaged in operating a portable sawmill and logging in Forest county, Wis. Their compensation insurance prior to October, 1925, had been handled by Ross Richardson, cashier of the Wabeno State Bank, Wabeno, Wis. Some time in September, 1925, appellants were advised by Richardson that their policy procured for them by him in London Guaranty & Accident Company would expire on October 1, 1925, and as that company refused to renew it appellants would have to seek insurance from another company. Richardson thereupon attempted to secure compensation insurance for appellants elsewhere. He was an agent of the Fidelity & Deposit Company of Maryland, of which William M. Wolff of Milwaukee was the general manager of that district, and to whom Richardson had previously forwarded applications for various kinds of insurance, receiving a commission on such business from the Wolff agency; but up to this time he had never submitted an application to the Wolff agency for compensation insurance. He was not, and never had been, an agent of appellee, nor had he ever procured insurance through appellee company, or the George H. Russell Company, its Milwaukee agent.

September 16, 1925, Richardson wrote and mailed the following letter:

"Wabeno, Wis. September 16th, 1925.

"William M. Wolff, Agency, Milwaukee, Wis.

"Attention Mr. Wolff

"Dear Sir: I have an application on hand for the following compensation insurance:

Portable sawmill payroll........ $30000.00
Logging ...................... 2000.00
Commissary ................... 800.00

"The Company I have represented will not handle for me for the reason that they cannot take on the sawmill payroll having withdrawn their company from the 'Associated Companies' and I want to take care of these people as they are responsible and have been one of my largest customers. Can you scout around and get this policy for me. I would be glad to be broker on a 50-50 basis.

"If you are successful have the policy made to Long Lake Lumber Company, Long Lake, Wis. and note that the work is to be done about 6 miles West of Tipler, Wis. The application and any other papers can be sent with the policy and I will have same signed and returned at once. Hoping you can help me out on this I remain,

"Very truly yours,

"Ross Richardson, Cashier."

In response to that letter Wolff wrote and mailed the following letter:

"(Letterhead of Fidelity and Deposit Company of Maryland.)

"Milwaukee, September 24, 1925.

"Mr. Ross Richardson, Wabeno, Wis.

"Dear Sir:

"Re: Long Lake Lumber Company, Long Lake, Wis.

"We have your letter of September 16, referring to compensation insurance for the above caption and I believe I can get the coverage which you want if you will give the following information.

"If this sawmill is run by steam and boilers are attached, the boilers must be insured. Is this the case? If the engine is gasoline

driven, I believe we will be able to take care of the policy right off.

"Please advise us how near the nearest doctor is located from the place of operation and also how near the nearest railroad station is located.

"Please also advise us if the Long Lake Lumber Company is a corporation or a co-partnership and if a co-partnership, give us the names of the co-partners and advise us whether or not they wish to be covered.

"Yours very truly,

"Wm. M. Wolff, Manager."

Richardson forwarded Wolff's letter to appellants, and in response thereto they, under the company name, wrote and mailed to Richardson the following:

"Long Lake Lumber Company

"Long Lake, Wis. Sept. 26th-25.

"Mr. Ross Richardson, Wabeno, Wis.

"Dear Sir: In reply to your letter of Sept. 26th, the saw mill will be operated by steam with one boiler.

"The mill is located in section 17—township 40 Range 14 E Forest County, Wis. The nearest railroad station will be Tipler, Wis. a distance of seven miles, this is also where the nearest doctor is located.

"The Long Lake Lumber Co. is a co-partnership, M. Behnke and Otto Behnke.

"We would like to have you rush this compensation insurance if possible as we expect to commence starting the mill in about 10 days and I would like to have every thing covered by that time.

"Yours very truly,

"Long Lake Lumber Co."

October 3, 1925, Wolff wrote and mailed to Richardson the following:

"(Letterhead of Fidelity and Deposit Company of Maryland.)

"Milwaukee, October 3, 1925

"Mr. Ross Richardson, Wabeno, Wisconsin.

"Dear Sir:

"Re: Long Lake Lumber Company, Long Lake, Wis.

"We have had the attached proposal for compensation insurance filled in from what information we received from former correspondence and will thank you to have the Long Lake Lumber Company check over the application, sign it and return it to us immediately so that we can draw up the policy for you.

"We will also take care of the boiler insurance and wish you would advise us if this is a portable boiler.

"We are sending the application to you for correction, if any is necessary.

"Kindly give this matter your preferred attention.

"Yours very truly,

"Wm. M. Wolff, Manager.

"By: K. L. Loew"

The proposal for compensation insurance referred to in Wolff's last letter is mentioned several times in the record as the "application." In its original form it was a printed document, and was used by all the companies belonging to the organization known as "Associated Companies." This particular proposal had the following printed title, "Proposal For Workmen's Compensation and Employers' Liability Insurance. Number P. R. * * * To be issued by Associated Companies. The Standard Accident Insurance Company, Detroit, Michigan." The Wolff agency did not have this particular form on hand, but secured it from George H. Russell Company, appellee's agent at Milwaukee. Wolff was not an agent of appellee.

On October 8 Richardson sent Wolff's letter of October 3 and the application to Behnke, who, after checking and signing the application, returned it to Richardson, who in turn forwarded it to Wolff. Appellee received it from Wolff on October 13, 1925. October 17 appellee wired Wolff its refusal to execute the policy, and on the same day Wolff wrote Richardson the following letter:

"October 17, 1925.

"Mr. Ross Richardson, Wabeno, Wisconsin.

"Dear Sir:

"Re: Long Lake Lumber Company, Compensation

"We regret very much indeed that the Company through which we expected to be able to secure the above policy, has tried everything in its power to have the policy written by its Home Office and is today in receipt of a telegram reading as follows:

"'Sorry we must decline Long Lake Lumber Company This class absolutely prohibited.'

"We know absolutely no company who will take on this risk.

"Yours very truly,

"Wm. M. Wolff, Manager."

There is evidence to the effect that it would take a day or two for a letter from Milwaukee

to reach Wabeno. Richardson was unable to say when he received it.

On October 21, 1925, appellants' employee was killed. The following morning one of the appellants notified Richardson at the bank of this fact, and asked for his policy; whereupon Richardson informed him that he had just received a communication from the Wolff agency at Milwaukee stating that the company refused to issue it.

That a valid contract of insurance may be either oral or in writing, provided the minds of the parties have met, is well settled under the Wisconsin law. Milwaukee Bedding Co. v. Graebner, 182 Wis. 171, 196 N. W. 533. It is equally well settled that an insurance company may be liable for its delay in passing upon an application for insurance. Duffie v. Bankers' Life Association, 160 Iowa, 19, 139 N. W. 1087, 46 L. R. A. (N. S.) 25; King v. Hekla Fire Insurance Co., 58 Wis. 508, 17 N. W. 297.

In addition to these two propositions of law appellants also rely upon section 209.05, Wisconsin Statutes 1927, which is as follows:

"Every person or member of a firm or corporation who solicits insurance on behalf of any insurance corporation or person desiring insurance of any kind, or transmits an application for a policy of insurance, other than for himself, to or from any such corporation, or who makes any contract for insurance, or collects any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business of like nature for any insurance corporation, or advertises to do any such thing, shall be held to be an agent of such corporation to all intents and purposes, unless it can be shown that he receives no compensation for such services."

Admitting the facts as above set forth, and conceding the principles of law cited, we are convinced that the lower court was quite right in directing a verdict for appellee. In no respect could Richardson be considered as an agent of appellee. He did not solicit the insurance, nor did he transmit an application to appellee or its agent, and he received no compensation for what he did. He had no dealings with appellee or with any of its agents. On the other hand, the evidence unquestionably shows that he was acting as the agent of appellants. The fact that he expected to participate in the commission in case the policy was issued would not constitute him an agent of appellee under the statute, especially since his expectation was never communicated to the company nor to its agent.

Neither can Wolff be considered as an agent of appellee. He solicited no insurance of appellants, nor did he receive any compensation from appellee. Richardson had requested him to "scout around and get this policy for me." He did transmit the application to appellee's agency; but this of itself is not sufficient to constitute him an agent of appellee in face of the fact that no contract ever was made and no compensation paid.

But suppose either Richardson or Wolff, or both of them, were appellee's agents, this would avail appellants nothing as to their cause of action on the contract, because the evidence shows conclusively that no contract, either written or oral, was made, and no facts are presented from which an oral contract can be inferred. It will not do to say that when an application for a policy is mailed to the company the policy in every event goes into effect at noon on the day the application is made, merely because it is customary to date the policies as of that time. Certainly the company has some discretion as to when it will issue or refuse a policy. We are unable to find any authority in Wisconsin, or any other state, which constitutes the agent the final arbiter. Appellants call our attention to the following cases in support of their contention: In Witt v. Employers' Liability Corporation, 198 Wis. 561, 225 N. W. 174, the solicitor was not an agent of an insurer, nor licensed to sell insurance. He secured an application for insurance and presented it to authorized agents of insurer, who wrote the policy; and the solicitor, in the absence of agents, took the policy, delivered it, and collected the premium, but refused to pay it to insurer's agents. The court held the company liable to insured. Milwaukee Bedding Company v. Graebner, 182 Wis. 171, 196 N. W. 533, and Rainer v. Schulte, 133 Wis. 130, 113 N. W 396, are cases wherein an agent of the company was the sole defendant, and in each case he was charged on his promise to insure upon agreed terms, and that he failed to do so. The company was not made a party in either case. Campbell v. American Fire Insurance Co., 73 Wis. 100, 40 N. W. 661, and King v. Hekla Fire Insurance Co., 58 Wis. 508, 17 N. W. 297, are cases where the dealings were had directly with the authorized agent, who agreed to insure upon specified terms and

700

did not do so. The minds met, and the court held in each case that there was a valid oral agreement to insure. Ætna Insurance Co. of Hartford, Conn., v. Licking Valley Milling Co. (C. C. A.) 19 F.(2d) 177, and U. S. Fidelity & Guaranty Co. v. Goldberger (C. C. A.) 13 F.(2d) 779, are cases identical in principle with the two Wisconsin cases last cited.

None of the above cases cited by appellants present facts analogous to those in the instant case. A contract of insurance, like any other contract, whether written or oral, requires a meeting of the minds of the parties before liability exists. In the case at bar there was never a meeting of minds between applicant and appellee. Giddings v. Northwestern Mutual Life Ins. Co., 102 U. S. 108, 26 L. Ed. 92; Travis v. Nederland Life Ins. Co. (C. C. A.) 104 F. 486; John R. Davis Lumber Co. v. Scottish Union & National Ins. Co., 94 Wis. 472, 69 N. W. 156.

We have carefully read all the evidence in this case, and have set out the material parts bearing on the alleged negligence more fully than we otherwise would have done if there had not been a directed verdict. We are thoroughly convinced that there was no negligence on the part of appellee in acting upon the application and reporting its conclusions. It received the application on October 13, and wired its conclusion to Wolff on October 17. On the same day Wolff notified Richardson of this fact by letter, which probably reached him on October 18, three days before the fatal injury. Richardson did not notify appellants until the next day after the injury.

There is another outstanding fact which is fatal to appellants' right to damages for negligence. Before there can be a recovery in such case damages must be proved. If appellants were unable to secure insurance from any other company it is difficult to understand how they were damaged on the theory of the complaint, by appellee's refusal, or its negligence in deciding. The only evidence on this point is that of Wolff, the insurance broker and general district manager of the Fidelity & Deposit Company of Maryland, who had been scouting for this policy since September 16. He says, "We know of absolutely no company who will take on this risk." This was uncontradicted, and the burden was upon appellants to discredit it if they could, otherwise there could be no damage and it was useless to send the case to the jury.

Judgment affirmed.