WALLACE, Administratrix, Appellant, vs. METROPOLITAN
LIFE INSURANCE COMPANY, Respondent.

*April 11—September 12, 1933.*

For the appellant there was a brief by *Corrigan, Backus, Ruppa, Bortin & Backus* of Milwaukee, and oral argument by *A. C. Backus, Jr.*

For the respondent there was a brief by *Bloodgood, Stebbins & Bloodgood,* attorneys, and *Albert K. Stebbins* and *Harold Jordan* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

The following opinion was filed May 9, 1933:

WICKHEM, J. On or about the 5th day of December, 1927, a soliciting agent of the defendant induced Bud Bell, now deceased, to apply for insurance with the defendant company and to pay one dollar as payment for four weekly premiums, in consideration of an insurance policy of $200 to be issued. The agent informed the applicant that the insurance would take effect immediately. The application recites the receipt of four weekly premiums on account of application for insurance in defendant company. It is provided that if the application is accepted and a policy issued, the sum will be applied toward payment of the premiums thereon. If rejected, the amount is to be returned to the applicant. It is provided that no obligation is incurred by the company unless a policy is issued upon the application, and unless at the date and delivery of the policy the applicant or the proposed insured is alive and in sound health. An exception provides that if the assured is in sound health at the time of the application, and the amount paid by the applicant at the time the application is written is not less than four weekly premiums, and the receipt is surrendered to the company and the application later approved, the company shall, if death intervenes prior to the issuance of the policy, issue the policy to the assured. Applicant is requested to notify the company if within three weeks he does not receive a policy or the return of the money.

On December 29, 1927, the defendant, through its physician, had Bell examined physically, and it was disclosed that the applicant on that day was affected with mitral regurgitations of the heart. He was not informed of this finding. The application was rejected January 2d, or at least it was so stamped. No notice of rejection was ever given to the applicant. Premiums were collected until February 20, 1928. Decedent died on February 22d of that year. The company then notified the beneficiary of the rejection of the insured and offered a return of the premiums.

The principal claim of the plaintiff is that her position is sustained by the case of *Kukuska v. Home Mut. H.-T. Ins. Co.* 204 Wis. 166, 235 N. W. 403; that there existed on the part of the company an obligation to act with reasonable promptness, and that by failing to do so and by accepting premiums after rejecting the application, it has rendered itself liable in damages or has become estopped to claim a rejection of the application. These contentions require a more detailed consideration of the *Kukuska Case*. In that case the plaintiff, who was a farmer, made application in writing for insurance against loss to growing crops by hail. The defendant failed to act within a reasonable time and plaintiff sustained a loss within a few hours after receiving notice that his application had been rejected. Plaintiff could have protected himself against such loss had his application been rejected within a reasonable time, and had he within such time been notified of the rejection. The application was made early in July, and it was established that July and August constitute the most hazardous period for hail storms in the vicinity of plaintiff's farm. It was held that under the circumstances of the case, and in view of the nature of the risk against which the insured sought protection, there was a duty upon the part of the insurer to act upon the application within a reasonable time, and upon default to respond in damages to the applicant. The court held that

it was not vastly important whether the duty be designated as one in tort or contract, but that at all events there was a liability to respond in damages. Upon the facts in the *Kukuska Case* there could be no question as to the imperative need of diligence and speed in dealing with the application, having in mind the hazardous character of the season and the type of protection required by plaintiff. It is also clear that plaintiff in that case, by making application to the defendant, impaired, if not completely disabled, himself from making other applications for similar protection. It may seriously be questioned whether the same conclusion applies to life insurance at all. Certainly there is not the pressing need for haste, if the insured is an acceptable risk, nor does the application to one company in any way foreclose the application to another for further life insurance.

For the purposes of this case, however, we may assume, without deciding, that the same rule as to liability may be applied here as in the *Kukuska Case*. The liability, whether resting in contract or tort, is a liability to respond for the damages resulting from a failure to act upon the application with diligence. The liability is not upon the policy, either upon any theory of constructive acceptance or estoppel. We find no such showing of damages in this case. In the first place, there was nothing to preclude the insured from securing other insurance, unless it be his reliance upon the fact that the policy would be issued by the defendant, and we see no ground upon which such an assurance could rest. The assured had no reason to conclude that the policy had been issued or that it would be issued, when he knew it had not been delivered to him. All the reasonable inferences in the case, from a failure to act on the part of the company, would be that the matter was still under consideration, and not that the application had been accepted. Whether such an inference would survive the acceptance of premiums for over a long period of time need not be decided. Further than

this, there is no evidence tending to show that the assured could have obtained other insurance of the same kind and character. Whatever evidence there is in the case indicates that the applicant had a disease known as leakage of the heart. The evidence is not clear as to whether this was sufficiently serious to warrant rejection, but certainly there is no evidence that he was in sound health, and in view of his death within sixty days of the time of his application it is impossible to conclude that plaintiff has made any showing that other insurance could have been obtained. It is evident that plaintiff has proved no damages.

It is also contended that there is a waiver, by the acceptance of premiums, of the right to reject the application, but there is no evidence in the record from which there can be found, on the part of the company, a voluntary waiver of a known right. Furthermore, in this case the acceptance of premiums was, by the application, expressly made conditional, and provision made for their return in the event of a rejection of the application. Again it is proper to observe that no opinion is expressed as to the consequences of an acceptance over a longer period, of premiums after an uncommunicated rejection.

It follows that judgment must be affirmed, with one modification. Plaintiff is entitled to a return of the premiums paid, and provision for this was omitted from the judgment.

*By the Court.*—Judgment modified as indicated in the opinion, and as so modified is affirmed. Respondent to have costs upon this appeal.

A motion for a rehearing was denied, with $25 costs, on September 12, 1933.