544 P.2d 995 (1976)
HELLER-MARK & CO., a Colorado Corporation, Plaintiff-Appellant,
v.
KASSLER & COMPANY, Defendant and Third-Party Plaintiff-Appellee,
v.
CIMARRON INSURANCE COMPANY, INC., Third-Party Defendant-Appellee.
No. 75-144.
Colorado Court of Appeals, Div. II.
January 2, 1976.
Jerry N. Snyder, Frank P. Slaninger, Denver, for plaintiff-appellant.
Holland & Hart, R. Brooke Jackson, Denver, for defendant and third-party plaintiff-appellee Kassler & Co.
White & Steele, P. C., Robert A. Zupkus, Denver, for third-party defendant-appellee Cimarron Ins. Co., Inc.
PIERCE, Judge.
Plaintiff, Heller-Mark & Company (Heller-Mark), appeals from judgment in favor of defendant, Kassler & Company (Kassler) in a negligence action premised on the asserted liability of Kassler for the absence of insurance coverage on a building purchased by Heller-Mark, which building was destroyed by fire. We affirm.
Kassler was the servicing agent in this transaction for some of its mortgagee clients. Heller-Mark's original complaint alleged that, but for the negligence of Kassler in failing to forward assignment of insurance forms to Cimarron Insurance Company (Cimarron) in conjunction with the assumption of a loan on the property by Heller-Mark, the destruction of the *996 building by fire would have been covered by the Cimarron policy issued to former owners of the premises from whom Heller-Mark had purchased the property. Kassler filed an answer containing a general denial and several affirmative defenses, including contributory negligence. Kassler also filed a third-party complaint against Cimarron, asserting that if Kassler were to be held liable to Heller-Mark, Cimarron was liable to Kassler for the same amount of damages under the mortgage clause.
Through a request for admissions and evidence at trial, it was learned that Cimarron would have rejected the assignment because of, among other reasons, the manner in which the assignment forms had been filled out by Heller-Mark, and that, in any event, Heller-Mark, as a corporation, would have been ineligible for the homeowners' coverage provided by that policy. After these disclosures, Heller-Mark was granted leave to amend its complaint, adding an additional paragraph which read as follows:
"That as a further result of the negligence and carelessness of the Defendant aforesaid, Plaintiff was not advised by Cimarron Insurance Company of any problems which existed in the insurance coverage and therefore the Plaintiff could not and did not have the opportunity to take any steps to protect itself relative to the insurance coverage on the subject property either through Cimarron Insurance Company or any other insurance company. As the result thereof Plaintiff incurred the loss described hereinabove and was thus damaged in the amount of $12,400."
The parties had stipulated, prior to trial, that the damage to the property as a result of the fire was $12,400.
Although there was testimony that Cimarron would have notified Heller-Mark of the rejection of the assignment had Kassler forwarded the defectively completed assignment forms, Heller-Mark did not introduce any evidence that it could have procured other insurance on the property, either from Cimarron or another company, had it been so notified. Nor was there testimony as to the cost of such other insurance had such insurance been shown to have been obtainable.
At the conclusion of trial, the court held as follows: 1) that the case was tried strictly on a tort theory, and that possible contractual liability need not be discussed; 2) that the evidence was sufficient to establish the existence and breach by Kassler of a voluntarily assumed duty owing to Heller-Mark; 3) that since Heller-Mark had made no attempt to establish that other insurance could have been obtained, Heller-Mark was not entitled to recover in that Heller-Mark had failed to establish a causal link between the negligence of Kassler and the loss suffered by Heller-Mark, and had also failed to demonstrate the existence and extent of damages.
The trial court ordered entry of judgment in favor of Kassler and against Heller-Mark on the latter's complaint, dismissing that complaint with prejudice, and further ordered the similar dismissal of Kassler's third-party complaint against Cimarron. In challenging the dismissal of its complaint, Heller-Mark argues, on several grounds, that demonstration that other insurance could have been obtained was unnecessary.
We disagree with Heller-Mark's assertion that, as a matter of law, and despite the allegations in its complaint, it need not have shown the availability of other insurance in order to establish a prima facie case against Kassler, and we further disagree with its assertion that the allegations in the complaint regarding the subject were mere surplusage. Here, the trial court determined that a legal duty existed and that Kassler failed to conform to the standard of conduct which would satisfy that duty. The trial court concluded, however, that Heller-Mark had failed to show the causal connection between the defendant's *997 acts and the injury and, further, that the damages were not established. These determinations were correct.
In negligence cases generally, the burden of proof is on the plaintiff to establish both causation and damages. Murray v. Newmyer, 66 Colo. 459, 182 P. 888; Bruckman v. Pena, 29 Colo.App. 357, 487 P.2d 566. This rule also applies to cases premising recovery on negligence with regard to procuring insurance. Brunt v. Standard Life Insurance Co., 259 So.2d 575 (La.App.). Here, the very essence of Heller-Mark's cause of action is that Kassler's negligence caused the absence of insurance coverage, which in turn resulted in damage to Heller-Mark. See Duffy v. Bankers' Life Ass'n, 160 Iowa 19, 139 N. W. 1087.
It would be insufficient under these circumstances merely to allege loss of opportunity to seek insurance coverage where the attempt might not have been successful; rather, the ultimate purpose to be effected is to allow recovery where, had the defendant acted properly, plaintiff would not only have had the opportunity to seek, but also could have successfully procured alternative insurance. Heller-Mark recognized this requirement in its amended complaint when it alleged loss resulting from the absence of alternative coverage. This allegation was not mere surplusage.
The law is well established that the plaintiff must show by a preponderance of the evidence that other insurance could have been obtained, which requirement arises out of the plaintiff's obligation to prove causation and damages. Behnke v. Standard Accident Insurance Co., 41 F.2d 696 (7th Cir.); MacDonald v. Carpenter & Pelton, Inc., 31 A.D.2d 952, 298 N.Y.S.2d 780; Rayden Engineering Corp. v. Church, 337 Mass. 652, 151 N.E.2d 57; Smither v. United Beneficial Life Insurance Co., 164 Kan. 447, 190 P.2d 183; Weaver v. West Coast Life Insurance Co., 99 Mont. 296, 42 P.2d 729; Wallace v. Metropolitan Life Insurance Co., 212 Wis. 346, 248 N.W. 435; Backus v. Ames, 79 Minn. 145, 81 N. W. 766.
Heller-Mark argues, however, that this requirement of proof of the availability of other insurance does not emerge from plaintiff's obligation to prove causation, but only out of the need to show damages. It thus concludes that the stipulation as to property damage operates to absolve it from proving the availability of other insurance. We reject this argument.
If we treat this matter as a causation question, no stipulation as to damages would be sufficient to relieve Heller-Mark of the obligation of showing that other insurance was procurable. Since there was no evidence that other insurance could have been obtained had Kassler notified Heller-Mark that the assignment had not been effected, Heller-Mark failed to prove that Kassler's inaction was the cause-in-fact of the absence of insurance coverage, and thus recovery was properly denied. See Mosko v. Walton, 144 Colo. 602, 358 P.2d 49.
Furthermore, the stipulation did not serve to establish the damages sustained by Heller-Mark. The stipulation covered only the amount of property damage caused by the fire, rather than the amount of legal damage sustained by Heller-Mark as a consequence of the absence of insurance. Accordingly, under either a causation or damages analysis, Heller-Mark failed to establish a prima facie case against Kassler.
Heller-Mark's final contention is that Kassler needed to allege and prove as an affirmative defense that other insurance could not have been obtained. It is urged that it would be inequitable to place the burden of proof as to this issue on Heller-Mark because of an asserted difficulty in demonstrating the possibility and expense of coverage on destroyed property. Again, we do not agree. There is no significant inequity in assigning this burden to Heller-Mark as it had several alternative means by which to demonstrate that other insurance was available, and to establish *998 the cost of such alternate insurance coverage even though the property to be insured had been destroyed. See Timmerman Insurance Agency, Inc. v. Miller, 285 Ala. 82, 229 So.2d 475; Bekken v. Equitable Life Assurance Society, 70 N.D. 122, 293 N.W. 200.
Inasmuch as we have affirmed the dismissal of Heller-Mark's claim against Kassler, the issue presented in this appeal regarding the third-party indemnification claim of Kassler against Cimarron is now moot.
Judgment affirmed.
ENOCH and KELLY, JJ., concur.