PETE'S SATIRE, INC., a Colorado corporation, d/b/a the Satire Lounge, and Pete Contos, an individual, Plaintiffs-Appellees,

v.

COMMERCIAL UNION INSURANCE COMPANY, a Massachusetts corporation, Bayly, Martin & Fay, Inc., a Colorado corporation, and Norman Sterling, Jr., individually, Defendants-Appellants.

No. 82CA1125.

Colorado Court of Appeals,
Div. I.

Feb. 28, 1985.

Rehearing Denied March 28, 1985.
Certiorari Pending as of May 28, 1985.

Geer and Goodwin, P.C., Robert E. Goodwin, Denver, for plaintiffs-appellees.

Glasman, Jaynes & Carpenter, Richard H. Glasman, Denver, for defendant-appellant Commercial Union Ins. Co.

Renner, Rodman & Burke, John R. Rodman, Denver, for defendants-appellants Bayly, Martin & Fay, Inc., and Norman Sterling, Jr.

PIERCE, Judge.

In this declaratory judgment action, Commercial Union Insurance Company (Commercial Union), Bayly, Martin and Fay, Inc. (Bayly), and Norman Sterling, Jr. (Sterling), appeal a judgment favoring Pete's Satire, Inc., a Colorado corporation, d/b/a the Satire Lounge (the Lounge), and Pete Contos (Contos). With one variation, we affirm the judgment against Bayly and Sterling, and reverse as to Commercial Union and remand.

Contos is the owner of the Lounge and another bar and restaurant called the Olympic Flame. Sterling is an insurance agent who was a vice president of and worked under the auspices of Bayly, an insurance brokerage firm. Contos and Sterling had a business relationship over many years, and Contos relied considerably upon Sterling's expertise to provide him with his insurance needs. Contos, and representatives of his corporation, negotiated with Sterling to obtain multi-peril insurance on both the Lounge and the Olympic Flame.

Sterling placed the insurance on the Lounge with Commercial Union Insurance Company, and informed Contos and his agents that it was "fully covered." Specifically, when asked whether the policy would cover the Lounge regarding risks related to ingestion and consumption of alcoholic beverages on the premises by customers, he informed them they had coverage up to $500,000. However, only the policy on the Olympic Flame contained such coverage, the policy on the Lounge did not.

While the policy on the Lounge was in force, it was sued for negligence on allegations that it allowed a minor customer to leave its premises in an intoxicated condition which, in turn, caused an automobile accident. The Lounge contacted Sterling, Bayly, and Commercial Union regarding defense of this lawsuit. Commercial Union

refused to defend, and denied coverage on the ground that this type of loss was explicitly excluded from the coverage afforded by the policy. The Lounge hired other counsel and incurred considerable expenses in doing so. The Lounge was successful in the trial court, but that case is presently in this court on appeal.

In the instant suit on appeal here, the trial court found that Sterling and Bayly were responsible for their negligence in failing to obtain the necessary coverage. Also, the court found that Commercial Union was also liable in that it had clothed Bayly and Sterling with actual or apparent authority to bind Commercial Union, and had not explained to the representatives of the Lounge that the agents could not bind the company beyond the authority stated in the policy.

The court ruled that there was coverage under the policy and that all defendants were liable for the cost of defending the other lawsuit. It also ruled that all defendants were liable for any judgments that might result from the other lawsuit and its costs, and also to pay attorney's fees and costs in the action which is before us.

## I.

### *Liability of Bayly and Sterling*

#### A.

 Relying on language in *Heller-Mark & Co. v. Kassler & Co.*, 37 Colo.App. 267, 544 P.2d 995 (1976), Sterling and Bayly's principal contention is that the Lounge and Contos failed to "establish ... by a preponderance of evidence that other insurance could have been obtained ...." We disagree.

Here, the Lounge and Contos proved: (1) that the type of insurance covering this type of loss was available in the industry at the time of the occurrence; (2) that Contos had purchased this type of coverage through Sterling and Bayly for the Olympic Flame; and (3) that, although Commercial Union put on evidence that the coverage might not have been available to Contos or the Lounge through it, there was no evi-

dence that the coverage was not available through other carriers. Under these facts, the Lounge and Contos sufficiently carried their burden on this issue.

#### B.

Sterling and Bayly also contend they cannot be held liable where the insurer's identity was disclosed and known to the policyholder. We do not agree.

 Even agents of a disclosed principal cannot escape personal liability for their own wrongs. *See* Restatement (Second) of Agency §§ 329, 343, 348 (1958). First, where an insurance agency undertakes to secure specific coverage or leads a policyholder to believe certain coverage has been obtained, if the coverage is not included in the policy, it is liable for its negligence. *Hampton Roads Carriers v. Boston Insurance Co.*, 150 F.Supp. 338 (D.Md. 1957); *see Mayhew v. Glazier*, 68 Colo. 350, 189 P. 843 (1920); Annot., 64 A.L.R.3d 398 (1975); *see also* Restatement (Second) of Agency §§ 376, 378 (1958).

 Second, nothing in the record indicates that Sterling and Bayly had authorization to make the representations that they made, and therefore, they are individually liable for any damages resulting from acts beyond their authority. *Amidon v. Bettex*, 102 Colo. 162, 77 P.2d 1032 (1938); *cf. Fink v. Montgomery Elevator Co.*, 161 Colo. 342, 421 P.2d 735 (1966); *see* 7 G. Couch, *Cyclopedia of Insurance Law* § 35:164 (R. Anderson 2d ed. 1961).

#### C.

Bayly and Sterling also complain that the trial court erred in making them responsible for any and all losses that the Lounge and Contos may sustain from the other lawsuit. We agree.

 No objection was made when the Lounge and Contos were informed their coverage was $500,000 for this particular coverage. They made no request that the amount be increased. Therefore, in assessing damages based on an insurance agent's

negligence and failure to procure coverage, the measure is the amount of coverage available had the policy been obtained as promised. *Mayhew v. Glazier, supra.* Sterling and Bayly are therefore liable only for the amount of any judgment up to a maximum of $500,000, the costs of suit, and attorney's fees incurred in the defense of the other lawsuit, plus the costs and attorney's fees awarded in this suit.

The other issue raised by Sterling and Bayly is without merit.

## II.

### *Liability of Commercial Union*

Commercial Union claims it should not be held liable, and we agree.

■ The language of the policy is unambiguous and excludes the type of coverage at issue here. The Lounge and its agents were in possession of this policy and are charged with knowledge of the restrictions in the policy. *See O'Connor v. Proprietors Insurance Co.,* 696 P.2d 282 (1985); *Western Insurance Co. v. Wann,* 147 Colo. 457, 363 P.2d 1054 (1961).

■ The policy also contains language to the effect that the terms of the policy could not be waived, changed, or modified except by endorsement. Oral representations by an agent cannot impose liability on an insurer where they contradict the terms of the insurance contract. *Wade v. Olinger Life Insurance Co.,* 192 Colo. 401, 560 P.2d

446 (1977); *cf. Beneficial Finance Co. v. Bach,* 665 P.2d 1034 (Colo.App.1983).

■ Contrary to Sterling's and Bayly's claim, the provisions of § 10–2–203(1) and (2), C.R.S. (1984 Cum.Supp.) do not govern or allocate liabilities for wrongs as between a principal, agent, and third party; rather, the statute only provides that insurance agents are the agents of the insurer and insurance brokers are representatives of the insured. The rule set forth in *Wade, supra,* although decided under a previous statute, still applies. Therefore, Commercial Union is not liable to the Lounge and Contos under the facts of this case.

The judgment against Sterling and Bayly is affirmed except their liability is confined to the policy amount of $500,000 plus the attorney's fees incurred in defending the other action, the attorney's fees incurred in prosecuting this action, and the court costs associated with both actions. The judgment against Commercial Union is reversed, and the cause is remanded for correction of the judgment to reflect the limited liability of Sterling and Bayly.

VAN CISE and TURSI, JJ., concur.