Joe F. TURNBOW, M.D., Plaintiff,

v.

The HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, Defendant.

Civ. A. No. 85–K–1460.

United States District Court, D. Colorado.

March 3, 1987.

Alan E. Richman and Patricia A. Pritchard, Breit, Best, Richman & Bosch, Denver, Colo., for plaintiff.

Michael T. McConnell, Long & Jaudon, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Dr. Turnbow brings this action seeking a declaratory judgment of Hartford's obligation to provide coverage under its "Physicians', Surgeons' and Dentists' Professional Liability Insurance Policy." The amended complaint also states claims for bad faith breach of insurance contract, breach of fiduciary duty, intentional infliction of emotional distress, and negligent misrepresentation. Jurisdiction lies under 28 U.S.C. § 1332.

Each side has moved for summary judgment. Summary judgment, though, is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining the existence of any genuine issue of material fact, the record is construed in the light most favorable to the

party opposing the motion. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980). However, the adverse party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Each side has moved for summary judgment on several grounds. One of Hartford's arguments is that Dr. Turnbow's position as a director of the Beth Israel Hospital Department of Emergency Medicine excludes him from coverage under paragraph (a) of the policy's exclusions. That paragraph states:

> This insurance does not apply:
>
> (a) to injury for which the insured may be held liable as a proprietor, superintendent, officer, director or shareholder of any hospital, sanitarium, clinic with bed and board facilities, nursing home, laboratory or other business enterprise.

Hartford contends the word "director" as used in this paragraph includes Dr. Turnbow's billing duties as director of the hospital's department of emergency medicine. Defendant's Brief in Support of Motion for Summary Judgment, at 12–13. Taking a different view, Dr. Turnbow claims "[t]he plain meaning of the term 'director,' sandwiched between 'officer,' and 'shareholder' in the exclusionary clause clearly indicates that a director of a corporation is what is meant." Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, at 14.

Insurance contracts "are to be interpreted according to their ordinary and obvious meaning absent a showing of an ambiguity." *O'Connor v. Proprietors Insurance Company*, 696 P.2d 282, 284 (Colo. 1985). I find the meaning of paragraph (a) to be unambiguous, and I agree with plaintiff's interpretation that the term "director" does not exclude coverage because he "served as a director of the Emergency Department rather than as a member of the Board of Directors of the Beth Israel Hospital." Plaintiff's Brief in Opposition, at 14. Thus coverage will not be denied on the basis of paragraph (a) of the policy's exclusions.

Moreover, coverage will not be either denied or granted on the basis of the other coverage arguments made in the briefs. Hartford has correctly noted that the expenses plaintiff has incurred in grappling with the government investigation of his department's Medicare billing practices are not normally within the contemplation of the parties to a professional liability insurance policy. The letters between plaintiff and William Buckman, however, inject an issue of estoppel into the controversy which requires the dispositive decision to be made outside the terms of the policy as originally written.[1]

Dr. Turnbow was the client of William Buckman, a vice-president of the Warren Sommer, Inc. insurance agency. Statutorily, he is Hartford's agent. Colo.Rev.Stat. § 10–2–203.

On July 29, 1982, Dr. Turnbow wrote a letter to Mr. Buckman, seeking a determination of whether the policy afforded coverage "for liability associated with my administrative duties" as a practitioner of emergency medicine and director of the emergency department. "For instance," wrote the doctor,

> should I have to recommend that a hospital employee working in the Emergency Department be terminated, would I be covered in case that person sued me for this action? Or, if the hospital sent one of our bills with the incorrect diagnosis and I were sued as well as the hospital,

---

1. Defendant has framed this issue with the statement, "Do the letters between Dr. Turnbow and Mr. Buckman create coverage of liability for medicare overcharges?" Plaintiff has couched essentially the same argument in terms of reasonable expectations and estoppel. Plaintiff has also asserted a claim of waiver due to defendant's delay in responding to his request for coverage. I find no merit in this last argument.

would I be covered under this policy? In general, then am I covered for all of my various administrative functions?

Mr. Buckman replied on August 16, 1982. In pertinent part, his letter stated:

This is to advise you your policy would specifically cover you for liability associated with the administrative duties as director of the department of emergency medicine at Beth Israel Hospital. I discussed the items you specifically raised in your letter with Bob Gregg, Claims Administrator for the Hartford Insurance Company, and his response was that you would be covered for the items raised in your letter.

This letter clearly gives rise to plaintiff's claim of estoppel. Unfortunately for Dr. Turnbow, however, paragraph 7 of the policy's conditions states:

Notice to any agent of the company or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company.

In light of this condition, Dr. Turnbow cannot prevail on his claim of coverage simply by satisfying the elements of estoppel. No policy changes may be effected except in accordance with the terms of paragraph 7 of the policy's conditions. Dr. Turnbow is charged with knowledge of the terms of this condition, *Pete's Satire, Inc. v. Commercial Union Insurance Co.*, 698 P.2d 1388, 1391 (Colo.App.1985). Therefore, he must prove he reasonably believed William Buckman's letter satisfied the endorsement requirement. Resolution of this issue is a question of fact for the jury.

Accordingly, IT IS ORDERED that defendant's motion for summary judgment is denied. IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is also denied.