**R. Stuart HUFF, As Trustee,
Plaintiff–Appellee,
Cross–Appellant,**

v.

**STANDARD LIFE INSURANCE COMPANY, A Mississippi Corporation,
Defendant–Appellant, Cross–Appellee.**

**No. 88–5668.**

United States Court of Appeals,
Eleventh Circuit.

April 2, 1990.

---

14. *Id.*

John P. Kelly, Ft. Lauderdale, Fla., for defendant-appellant, cross-appellee.

R. Stuart Huff, Coral Gables, Fla., for plaintiff-appellee, cross-appellant.

Before VANCE * and COX, Circuit Judges, and CAMP **, District Judge.

COX, Circuit Judge:

We consider this case for the second time. In the first proceeding, the district court granted a directed verdict in favor of Standard Life Insurance Company ("SLIC"). We reversed the district court's decision and remanded for a new trial. *Huff v. Standard Life Ins. Co.*, 683 F.2d 1363 (11th Cir.1982) (*Huff I*).[1] After the second trial, the jury found that SLIC was guilty of negligent delay in processing the life insurance application of Alejandro J. Torres–Ciliberto ("Torres"). The jury found that SLIC was 75 percent at fault and Torres 25 percent at fault. The district court entered a judgment of $750,-000.00 in favor of Huff.[2] Both parties appealed.

## FACTUAL BACKGROUND

Torres submitted an application for life insurance to SLIC on May 31, 1978. He died on August 14, 1978. At the time of his death, SLIC had not informed Torres whether his application had been accepted or rejected. SLIC denied that the policy Torres applied for was in effect. Huff, as trustee for insurance proceeds held in trust for Torres's mother, brought suit against SLIC. For a more detailed explanation of the underlying facts and events occurring prior to the second trial, *see Huff I*, 683

---

* Judge Robert S. Vance was a member of the panel which heard oral argument but due to his death on December 16, 1989, did not participate in this decision. This case is decided by a quorum. *See* 28 U.S.C. § 46(d).

** Honorable Jack T. Camp, U.S. District Judge for the Northern District of Georgia, sitting by designation.

1. *Huff I* involved a breach of contract claim based on an insurance policy. Upon retrial, the jury resolved this claim in favor of SLIC. This

appeal involves a negligence claim, which was added by amendment after *Huff I*.

2. R. Stuart Huff has assumed various roles during the course of this litigation. He has served as counsel for the trust since the inception of the suit. In addition, he is the plaintiff in this action, suing in his capacity as trustee of the insurance proceeds held in trust for Torres's mother. *See Huff I*, 683 F.2d at 1363–64 n. 1.

F.2d at 1364–66. At the second trial, Huff moved to amend his complaint at the close of his case to include a claim that SLIC was guilty of negligent delay in processing Torres's application. Over SLIC's objection, the trial court allowed the amendment. SLIC declined the court's offer of a continuance.

In response to special interrogatories, the jury found that SLIC had failed to either accept or reject Torres's application within a reasonable length of time after receiving the application. The jury also found that Torres was "uninsurable" under SLIC's rules, limits and standards [3] and did not pay the first premium due under the policy.

On appeal, SLIC attacks the jury verdict for its failure to find damages proximately caused by the delay in processing Torres's application.[4] SLIC also raises several other issues. Huff argues that, in addition to the amount of the judgment, he is entitled to attorney's fees and prejudgment interest.

## PROXIMATE CAUSE AND DAMAGES

After the jury found that SLIC was 75 percent at fault, the trial court entered a judgment of $750,000.00 in favor of Huff. This figure represents 75 percent of the amount of the policy for which Torres applied (*i.e.*, $1,000,000.00). Because we find that Huff failed to prove any damages proximately caused by SLIC's negligent delay, we reverse.

Although the case law is sparse, Florida courts have recognized a cause of action for negligent delay in the processing of an insurance application. *See Independent Life and Accident Ins. Co. v. McKenzie,* 503 So.2d 376 (Fla. 1st Dist.Ct.App.1987); *Huberman v. John Hancock Life Ins. Co.,* 492 So.2d 416 (Fla. 4th Dist.Ct.App.1986). While Florida courts have not specifically addressed the issue of proximate cause and damages in the context of this cause of action, other courts have required that the plaintiff satisfy these elements of the claim by proving that the insurance applied for could have been secured or that the insurance could have been secured elsewhere. *See, e.g., Behnke v. Standard Accident Ins.,* 41 F.2d 696, 700 (7th Cir.1930); *Life & Casualty Ins. Co. v. Central Steel Products, Inc.,* 709 S.W.2d 830, 832 (Ky.1985); *Heller–Mark & Co. v. Kassler & Co.,* 37 Colo.App. 267, 544 P.2d 995, 997 (1976); *Weaver v. West Coast Life Ins. Co.,* 99 Mont. 296, 42 P.2d 729, 733 (1935). As explained by the Colorado Court of Appeals in *Heller–Mark,* 544 P.2d at 997, the very essence of this cause of action is that the insurance company's negligence caused the absence of insurance coverage, which in turn damages the applicant. If the applicant is uninsurable, he would not have insurance even if the insurance company had not acted negligently; the uninsurable applicant thus incurs no damage as a result of the negligent behavior.

 Applying these sound principles to the case at hand, we hold that in order for Huff to recover, he must prove that SLIC's negligent delay was the proximate cause of some injury.[5] Huff could have

---

**3.** Torres had applied for a keyman life insurance policy in the amount of $1,000,000.00.

**4.** SLIC moved for a directed verdict at the close of its case on the ground that Huff had presented insufficient evidence to support a favorable verdict, R13–730, and on the ground that he had presented no evidence that he "was prejudiced in any way or that he was insurable." R13–732.

**5.** Huff argues that the amount of the policy should be the basis for measuring damages for negligent delay. As support, Huff cites *McKenzie,* 503 So.2d at 376, a case in which the amount of the judgment was equal to the amount of the policy. This argument puts the cart before the horse. The present focus is not on the measure of damages but on whether SLIC's negligence proximately caused any injury at all. In *McKenzie,* the insurance company agents informed the plaintiffs that their applications would be accepted, accepted payment of the first premium and guaranteed the plaintiffs that someone from the company would secure the signatures necessary to make the policies effective. 503 So.2d at 377. In reliance on these representations, the plaintiffs cancelled their existing insurance. It was thus clearly established in *McKenzie* that the insurance company's negligent delay in processing the plaintiffs' application proximately caused some injury. In the instant case we do not consider the amount by which Huff was damaged until we first consider whether SLIC's actions caused any injury at all.

met this burden by showing that Torres was insurable under the SLIC's rules, limits and standards. In response to a special interrogatory, however, the jury found that Torres was not "an insurance risk acceptable to [SLIC] under its rules, limits and standards as to the policy applied for." R4–142–1. Similarly, Huff was unable to prove that Torres could have secured life insurance with another company had SLIC notified him within a reasonable time that he was uninsurable. The evidence adduced at trial showed only that Torres had applied the previous year for similar insurance coverage with another company "and did not take the policy." Equifax Report, Depos. of Beckwith, exhibit 2. The evidence does not, however, show whether Torres's application was accepted. There was no testimony that at the time in question another insurance company would have considered Torres an insurable risk for any kind of life insurance.[6] In short, Huff did not establish that SLIC's negligent delay was the proximate cause of some injury. Huff thus did not have an actionable claim for negligent delay.

### CONCLUSION

The district court erred in submitting to the jury a claim premised upon the contention that Huff could have obtained insurance from another life insurance company and in entering final judgment for Huff on his negligence claim. In light of this error, we need not reach the other issues raised by the parties. We REVERSE the decision of the district court and REMAND with instructions to enter a judgment in favor of defendant SLIC.

---

[6.] Moreover, we note that nowhere in his amended complaint does Huff even allege that SLIC's actions caused injury because Torres was an insurable risk. Indeed, the complaint alleges only that SLIC had a duty toward Torres, which SLIC breached. Although Huff argued general-ly in his closing statement that Torres could have obtained the insurance elsewhere, this argument is entirely insufficient to satisfy the causation and damage elements of this cause of action for negligent delay.